JjPER CURIAM.
Defendant, Lynn B. Dean (hereinafter known as “Dean”), appeals the district *1292 court’s judgment disqualifying him as a candidate for the office of Councilman-at-Large (EAST) for the Parish of St. Bernard. We affirm.
FACTS AND PROCEDURAL HISTORY
On August 21, 2003, Mr. Dean filed a Notice of Candidacy for the office of Coun-eilman-aWLarge (EAST) for St. Bernard Parish, State of Louisiana. On August 27, 2003, plaintiff Edward Lewis Becker (“Becker”), who also qualified for the same office as Mr. Dean, filed this suit pursuant to La. R.S. 18:1401, which allows a qualified voter in any district to bring an action objecting to the candidacy of a person who has qualified to run for an office in that district. Plaintiff alleges that Mr. Dean does not meet the qualifications for the office he seeks because he resides in Plaquemines Parish, not within the St. Bernard Parish, nor has he resided within the eastern half of the St. Bernard Parish for at least two years immediately preceding the time established by law for qualifying for the said office, as required | ?for candidates to the said office by the St. Bernard Parish Home Rule Charter, Article II, § 2-01, Paragraphs C and E, and La. R.S. 18:451.
The case was tried in the district court on August 29, 2003. On August 30, 2003, the district court rendered judgment against Mr. Dean, disqualifying him as a candidate for Councilman-at-Large (EAST). The trial judge concluded that because Mr. Dean was not legally domiciled and did not actually reside in St. Bernard Parish when he qualified for the office of Councilman-at-Large (EAST), he must be disqualified as a candidate for said office and his name removed from the ballot.

APPLICABLE LAW

In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. La. R.S. 18:492; Messer v. London, 438 So.2d 546 (La.1983). The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Dixon v. Hughes, 587 So.2d 679 (La.1991).
The St. Bernard Home Rule Charter requires that council members be elected by a parish-wide vote. Charter, Art. II, § 2.01(a). The Charter requires that the council member for the eastern part of the parish reside in the eastern half of the parish. Id. § 2.01(c). It also requires that the members be qualified electors of the parish and of the district or parish division from which elected at the time of qualification. Id., § 2.01(d). Lastly, the Charter requires that all council members [3be legally domiciled and have actually resided in St. Bernard Parish for at least two immediately preceding the time established by law for qualifying for office. Id., § 2.01(e).

ESTABLISHMENT OF DOMICILE

It is well settled that residence and domicile are not synonymous, and a person can have several residences, but only one domicile. La. Civ.Code art. 38; Messer v. London, 438 So.2d 546, 547 (La.1983). A person’s domicile is his principal establishment wherein he makes his habitual residence and essentially consists of two elements, namely residence and intent to remain. The question of domicile is one of intention as well as fact, and where it appears domicile has been acquired in another place, the party seeking to show it has been changed must overcome the legal presumption that it has not been changed by positive and satisfactory proof of establishment of a domicile as a matter of fact with the intention of remaining in the new place and of abandoning the former domi *1293 cile. Russell v. Goldsby, 2000-2595 (La.9/22/00), 780 So.2d 1048. Absent declaration to change domicile, proof of this intention depends upon circumstances; there is a presumption against change of domicile. Messer, 438 So.2d at 547; Herpin v. Boudreaux, 98-306 (La.App. 3 Cir.3/5/98), 709 So.2d 269.
In the instant case, the Notice of Candidacy form lists Dean’s domicile as 101 Dean Drive in Braithwaite, Louisiana. Dean failed to list a mailing address on the form. A review of the record reveals that in 1997 Dean was granted a homestead exemption for the property located at 101 Dean Drive. The assessment roll states that the house located at 101 Dean Drive is situated in Plaquemines Parish. Furthermore, the plaintiff introduced testimony at trial regarding a | ¿previously litigated tax issue in which Dean definitively stated that the property in question was located in Plaquemines Parish. Dean testified, in pertinent part:
Q. Which home did you talk about in St. Bernard? On Licciardi?
A. Well, I had a home on Licciardi Lane. I forgot that. And I had a home on the neutral strip in St. Bernard. The new home I built here, and one about a half mile down the road in Braithwaite Park. I owned that one. And I have another home up in St. Bernard. I think we mentioned that once. I know I mentioned the one in Houma. I said I was there about from '85 to 90-something. So you have to identify which one you are talking about if you want me to make a clear answer.
Q. Let’s call it home “E” that you identified in the picture.
Q. Okay, home “E” in the picture. What parish is it in?
A. Plaquemines Parish.
Q. Did you take a homestead exemption on home “E” in Plaquemines Parish?
A. Not certain years I did not. I think I did a year ago. I do not have one now.
Q. A year ago you did but you didn’t before?
A. One time or another, depending on the law, I did or did not. The records speak for themselves.
Clearly, Dean’s judicial confession squarely contradicts his contention that the property located at 101 Dean Drive is located in St. Bernard Parish for the purpose of qualifying for the upcoming councilman election. Thus, the Notice of Candidacy Qualifying form, on its face, in conjunction with Dean’s judicial confession and the assessment roll for Plaquemines Parish all show that the property located at 101 Dean Drive in Braithwaite, Louisiana is situated in Plaquemines Parish, not St. Bernard Parish.
For the reasons assigned, we find that the trial court did not err in disqualifying Dean from the elections of St. Bernard Parish Councilman at large, Eastern district. Based on our finding that Dean failed to meet the qualifications for the office of Councilman-at-large (East) in accordance with the St. Bernard Home |sRule Charter, Section 2-01 and La.R.S. 18:1401, we feel it is not necessary to address the issue of whether Dean maintained an “actual residence” in St. Bernard Parish.

ATTORNEY’S FEES

The plaintiff asks this Court to award attorney’s fees and the cost of a transcript of the proceedings in the trial court together with any other costs to be assessed *1294 by the Clerk of this court or the Court below, if any. This claim is hereby denied.
AFFIRMED.
BYRNES, C.J., dissents with reasons.