1 ¡.DOWNING, J.
Plaintiff, Charles N. Branton, filed suit challenging Bryan D. Haggerty’s and Vincent J. Lobello’s qualifications as candidates for the office of Judge of Slidell City Court. Plaintiff appeals the trial court’s dismissal of his petition. For the following reasons, we affirm.
DISCUSSION
Haggerty and Lobello sought to qualify in the special election called to fill the unexpired term of the Honorable Gary J. Dragon, Judge, Slidell City Court. Both men were admitted to the state bar on October 15, 1999. The primary election is scheduled for September 18, 2004, and the general election is set for November 2, 2004. Plaintiff filed suit challenging Hag-gerty’s and Lobello’s qualifications as candidates, as neither man had been admitted to the practice of law for a period of five years at the time he qualified. Plaintiff further alleged that should either candidate win the primary election of September 18, 2004, he would not be qualified to assume the office.
An action objecting to the candidacy of a person who qualified as a candidate in a primary election may be based on the ground that the candidate “does not meet the qualifications for the office he seeks in the primary election.” LSA-R.S. 18:492 A(3). Louisiana Revised Statute 18:451 states in pertinent part, “Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office.” (emphasis supplied) With respect to the City Court of Slidell, LSA-R.S. 13:2487.2 specifies in pertinent part that the “city judge must be licensed to practice law in the State of Louisiana for at least five years previous to his election.”
The trial court concluded that the provisions of LSA-R.S. 13:2487.2 fall into the category of the “except as otherwise provided by law” language of LSA-R.S. 18:451 and held the determinative date of whether a candidate possesses the qualifications for the office he seeks is the date of the general election and 1 snot the date of qualification. We basically adopt the insightful written reasons of the trial judge.
*1232 Other circuits have held that the similar phrase “prior to his election” refers to the general election and not the primary election.[1] Cook v. Campbell, 360 So.2d 1193, 1197 (La.App. 2 Cir.), writ denied,[2] 362 So.2d 573 (La.1978); Aiple v. Naccari 454 So.2d 894, 894 (La.App. 5 Cir.), writ denied, 456 So.2d 151 (La.1984); see also Soileau v. Board of Sup’rs, St. Martin Parish, 361 So.2d 319, 323 (La.App. 3 Cir. 1978). Under the facts of this case, we find the phrase “previous to his election” also refers to the date of the general election and not the primary election. As observed by the second circuit:
The determinative date of a candidate’s qualifications should be fixed, certain and ascertainable at the time of qualification for candidacy. The date of the general election is certain and ascertainable in both regular and special elections. The interpretation of “election” urged by plaintiff would leave the determinative date uncertain and dependent on how many candidates qualify and, where there are more than two candidates, on whether one candidate receives a majority of the votes cast in the first primary, matters which cannot be determined until after expiration of the qualifying period or after the primary election.
Cook, 360 So.2d at 1197.
Moreover, in an election contest, the person objecting to the candidacy bears the burden of proving the candidate is not qualified. Russell v. Goldsby, 00-2595 (La.9/22/00), 780 So.2d 1048, 1051. The plaintiff has not carried his burden of establishing that the defendants will be elected prior to the fifth year of their admissions to the Louisiana State Bar Association. See Soileau, 361 So.2d at 323. The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Russell, 780 So.2d at 1051. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Russell, 780 So.2d at 1051.
1 Considering the foregoing, the judgment appealed from is affirmed. Costs of this appeal are assessed to the plaintiffiap-pellant, Charles N. Branton.
AFFIRMED.
GAIDRY, J., concurs.
KUHN, J., concurs and assigns reasons.
PARRO, J., dissents and assigns reasons.
PETTIGREW, J., dissents for the reasons assigned by Judge PARRO.

. "A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been admitted to the practice of law in this state for at least five years prior to his election, and shall have been domiciled in the respective district, circuit, or parish for the two years preceding election. He shall not practice law.” La. Const. art. V, § 24. (emphasis supplied)

. The Louisiana Supreme Court stated: "Writ denied. We find no error of law in the reasons stated by the Court of Appeal.”