Dear Mayor Johnston:
You have requested the opinion of this office concerning the term limits established by the City of Harahan in Ordinance No. 1046, which provides in pertinent part:
 ORDINANCE NO. 1046 An ordinance to limit the number of terms of office which any elected official of the City of Harahan, State of Louisiana, may serve.
 ***** SECTION 1. There is a limitation hereby enacted on the number of consecutive terms of office which any and all elected official [sic] of the City of Harahan may serve of two (2) consecutive terms in the same office not counting any terms of an elected official was elected to prior to the effective date of this ordinance as is authorized by the provisions of R.S. 33:383.1.[1]
The ordinance became effective on November 20, 1993. *Page 2 
You advise that you have served two consecutive terms as elected councilman for the City of Harahan (from 1995 until 2002), and that you are currently serving your second term as Mayor of the City of Harahan (your term as mayor began in 2009 and will end in 2010). You ask if Ordinance 1046 prohibits you from again seeking the elected office of city councilman when you complete your current term as Mayor.
Your concern is that the ordinance as written makes you ineligible forany further service in the office of councilman, given that you have already served two terms as councilman. However, we interpret this provision to mean that an individual is ineligible to serve beyond the end of the second term without an intervening term occurring. In other words, because an intervening term has occurred between the time you held office as councilman and the time when you will next seek the office, no violation of Ordinance 1046 will occur. The argument expressed is congruent with that of the author of Attorney General Opinion 86-801, copy attached, in which this office made a similar interpretation regarding the Tangipahoa Parish Home Rule Charter, which provided "no person shall serve more than two (2) consecutive terms on the same board or commission."
Further, our conclusion is consistent with the rulings of the Louisiana courts, which have upheld the presumption in favor of an individual's qualification for office. The jurisprudence further reflects that laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy.[1]
It is the conclusion of this office that Ordinance 1046 provides no impediment to you again seeking the office of city councilman after your term as Mayor is completed.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL KLK:arg *Page 3 
WILLIAM J. GUSTE, JR., Attorney General
December 12, 2008.
OPINION 86-801
71-1.B. . .MUNICIPALITIES — Home Rule Charter
Article VII, Section 7-06 of Tangipahoa Parish Home Rule Charter applies to both advisory and administrative commissions and boards. The provisions of the Section are substantive; thus should be applied only prospectively.
Mr. John L. Stone, III
Assistant District Attorney
Twenty-First Judicial District
Post Office Drawer 639
Amite, Louisiana 70422-0639
Dear Mr. Stone:
Your letter of December 4, 1986, addressed to the undersigned, poses the following questions:
 (1) Does Section 7-06 (E) of the Tangipahoa Parish Home Rule Charter apply to administrative boards and commissions as well as advisory?
 (2) Is Section 7-06 (E) of the Tangipahoa Parish Home Rule Charter retroactive?
Article VII, Section 7-06 of the Tangipahoa Parish Home Rule Charter (Charter) provides:
Section 7-06. Boards and Commissions.
 A. The council, by resolution, and the president may appoint advisory boards and commissions to provide advice regarding the operations of Parish services or other activities. No such board or commission shall exercise any administrative or legislative responsibility.
 B. A member of an advisory board or commission shall receive no compensation for service and shall serve at the pleasure of the appointing authority.
 C. Members of all existing boards and commissions shall complete their terms of office, except as may be provided by this charter or by action of the council.
 D. All meetings of advisory boards and commissions shall be open to the public. *Page 4 
 E. This section shall not apply to a board or commission created by ordinance or in accordance with general state law, except that no person shall serve more than two (2) consecutive terms on the same board or commission.
In attempting to discern the intent of the framers of the Charter, it should be noted that Section 7-06 applies to both advisory boards and commissions, as well as administrative boards and commissions. First, the heading of the section is entitled "Boards and Commissions" and is not limited to advisory boards or commissions. Furthermore, Paragraphs A, B and D are limited to advisory boards, however, Paragraphs C and E clearly apply to all boards and commissions. Additionally, a construction of Paragraph E that would limit the terms of members of advisory bodies, but not the terms of members of administrative bodies, would seem to be a strained construction. What is the rationale behind a rule that would limit the terms of members of bodies which have only minimal powers and are virtually honorary in some instances, without limiting the terms of members of bodies that are involved in the management and administration of public functions? Ordinarily, the main purpose of limiting terms of public officers is to prevent individuals from obtaining excessive power. Therefore, we believe that the framers intended that Paragraph E was to apply to all the members of all boards and commissions.
The remaining question concerns the "retroactive" effect of Paragraph E. There are several alternatives. First, from the effective date of the Charter, Paragraph E could have purely prospective effect so that it would apply only to members who begin a term subsequent to that date, so that prior service would be totally disregarded. Second, the Paragraph could be interpreted to require tacking, so that a person who was serving on a body on the effective date of the Charter would have that term considered as one term, and then add or tack on one additional term to make the two consecutive terms. Finally, the Paragraph is susceptible of being interpreted so that anyone who had already served two consecutive terms, or were serving a second term, would be ineligible to have any further service beyond the end of the second term without an intervening term occurring. *Page 5 
Generally, substantive provisions, as opposed to procedural provisions, must be construed prospectively and not retroactively, Procellv. Insurance Company of North America, App. 1982, 425 So — 2d 860, Writ Denied 430 So.2d 860. Therefore, we do not believe that the Paragraph, a substantive change, may be applied retroactively. The literal language of the Paragraph prohibits anyone from serving two consecutive terms. It must be taken at face value so that a "term" is the full period for which one is appointed to a board of commission.
Therefore, it is our opinion that a person who was serving, or has served, on a board or commission on the effective date of the Charter, may serve two additional terms without being in violation of Paragraph E.
 Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY:__________________________ KENNETH C. DEJEAN Chief Counsel
 KCD/lg
[1] R.S. 33:383.1 states:
City of Harahan; limitation of terms of elected officials; referendum
The board of aldermen of the city of Harahan may enact an ordinance limiting the number of terms of office which any elected official of the municipality may serve to two consecutive terms in the same office. Any ordinance herein authorized shall become effective only after the question of such term limitation has been submitted to and approved by a majority of the qualified electors of the city of Harahan who vote on the proposition at a regularly scheduled primary or general election held in accordance with the Election Code.
[1] See Landiak v. Richmond, 899 So.2d. 535 (La. 2005); Russell v.Goldsby, 780 So.2d 1048 (La. 2000).