CHAISSON, J.,
dissents with reasons.
|,I respectfully dissent from the majority opinion for the following reasons.
The trial judge disqualified Ms. Joseph from this election based solely on the fact that he found that she failed to qualify for the election in the manner prescribed by law. Specifically, he found that the party affiliation stated by Ms. Joseph on her Notice of Candidacy was not the same as her designated party affiliation on her official voter registration, a violation of La. R.S. 18:463(A)(l)(a). The question for this Court therefore is whether the trial court was manifestly erroneous in determining that the party affiliation stated by Ms. Joseph (i.e., “Democrat”) was not the same as her designated party affiliation on her official voter registration at the time that she qualified.
On this point, the plaintiff submitted a certified copy of Ms. Joseph’s original voter registration from the local Registrar of Voter’s office. This original voter registration shows that at the time that Ms. Joseph registered to vote in 1995, that she selected no party affiliation. In response to this evidence, Ms. Joseph submitted a computer printout from the state’s voter registration computer system, which is maintained by the Secretary of State and available for |2viewing online.[7] This state database is established pursuant to La. R.S. 18:31. La. R.S. 18:115.1 provides that a voter may make application electronically through the Secretary of State’s website to make changes to her voter registration; however, it specifically provides that when application for a change is made, the “applicant shall be immediately informed that his application has been electronically forwarded to the appropriate registrar of voters, but that ... changes to his existing registration will not be made until his application is received and approved by the registrar of voters.” (emphasis added). La. R.S. 18:112 provides that “[wjhenever any change is made with respect to the registration of any person, the date of the change and all pertinent information concerning the change shall be entered by the registrar in the registrant’s information on the state voter registration computer system.” (emphasis added). Therefore, it is clear that the only way that Ms. Joseph’s party affiliation could have been changed on the state voter registration computer system is if a request for the change was received and approved by the local Registrar of Voters and then entered into the state database by the local Registrar. The trial judge, later in his oral reasons for judgment, acknowledged the discrepancy between the printout from the state database and Ms. Joseph’s original voter registration from 1995, and resolved this discrepancy by determining that he would give less weight to the uncertified computer printout. However, if at a minimum he did not accept that at some point in time prior to September 1, 2014, the St. John Registrar of Voters did in fact change Ms. Joseph’s official designation to “Democrat”, then in effect he gave no weight to the computer printout and [¡¡completely disregarded it, despite the fact that it was also attached to the plaintiffs Pre-trial Memorandum, it was not objected to, it was stipulated to by plaintiff, it was admitted by the trial judge, and it came from an official state computer database estab *323 lished by our Election Code. Accepting at a bare minimum that the printout established that at some point in time Ms. Joseph changed her party affiliation on her official registration to “Democrat”, the pertinent question for the trial judge to resolve was when this change took place, not whether it took place.
In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. La. R.S. 18:492; Russell v. Goldsby, 00-2595 (La.9/22/00), 780 So.2d 1048, 1049-51; Messer v. London, 438 So.2d 546 (La.1988). The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Russell, supra.
It was plaintiffs burden to show that Ms. Joseph’s party designation on her official registration at the time that she qualified for the election was not “Democrat”, as stated on the Notice of Candidacy. The certified copy of Ms. Joseph’s original voter registration does not contain a date on which it was certified. Therefore, this copy of Ms. Joseph’s voter registration only establishes that at the time of her initial registration in 1995, she had selected no party affiliation, and that there was no change made to this designation up to the date of the certification, a date which is unknown.[8] Although plaintiff subpoenaed Rita Jarrow, the St. John Registrar of Voters, who could have established the date of certification and the date on which Ms. Joseph’s party designation on her official voter registration was changed, plaintiff chose not to call Ms. Jarrow as a witness. 14On the other hand, Ms. Joseph submitted evidence, by way of the computer printout, that her party designation had been changed at least as of September 1, 2014.[9] In my opinion, if the trial judge completely disregarded the printout, even only for the proposition that Ms. Joseph’s party affiliation had in fact been changed, despite the fact that there was no objection to the printout and it was stipulated to, then he committed legal error. If on the other hand, he accepted the printout as establishing that Ms. Joseph’s party affiliation had in fact changed, but found that Ms. Joseph did not establish when it had been changed, then he impermissibly shifted the burden of proof to Ms. Joseph, which, in my opinion, would also be legal error. Under either scenario, this legal error led the trial judge to conclude that the evidence established that Ms. Joseph’s party affiliation on her official voter registration at the time that she qualified was not “Democrat”, a finding that I find tó be manifestly erroneous.
I would also note that Ms. Joseph’s candidacy is not being challenged because she lacks one of the constitutionally mandated qualifications to run for the office of judge. She is being challenged on the basis that she did not qualify to run for the office in the manner prescribed by law, i.e., she did not follow the proper procedure or made errors in her qualifying papers. The specific error being that her stated party affiliation did not match her official party des *324 ignation with the Registrar of Voters at the time of qualifying. There are no special qualifications that one must possess to designate a political party; all that is required is the subjective intent of the voter expressed in writing to the Registrar of Voters. Clearly, by her written declaration on her Notice of Candidacy, Ms. Joseph has | .¡expressed her written intent to be affiliated with the Democratic Party, and to run as a Democrat. The only question is whether procedurally she accomplished this stated intention by the time that she qualified to run for this office. The burden was on the plaintiff to prove that she had not, and in my opinion, the plaintiff did not carry her burden. Under these circumstances, I find that to disqualify Ms. Joseph from running, and to deprive the electorate of the opportunity to vote for the candidate of their choice, is a particularly harsh result, and I therefore respectfully dissent.

. The plaintiff attached a copy of this same document, printed from the Secretary of State’s website on September 1, 2014, to her Pre-trial Memorandum, which she filed with the Court on the morning of the hearing, September 2, 2014, at 8:50 a.m. When Ms. Joseph's counsel moved to introduce the same document during the hearing, not only did counsel for plaintiff not object on any ground, she stipulated to the document. The trial judge allowed the document to be introduced.

. Although plaintiff's petition makes the allegation that this certification was obtained on August 25, 2014, this allegation is not evidence and absolutely no evidence was admitted to substantiate this allegation on the key crucial question which is the crux of this case.

. Ms. Joseph was also questioned at trial regarding when this change took place. Admittedly, it appears from her testimony that it was not clear in her mind as to when the change had actually taken place. However, it is clear that at the time of her qualifying she was in the Registrar of Voters’ office discussing the change, and she ultimately testified that she thought that the change took place "... when I filed [my notice of candidacy] papers it was changed,” in which case the change would have been timely.