CHAISSON, J.
This case arises out of an objection to the candidacy of Raven Warren for School Board Member, District 6, in St. John the Baptist Parish, which election is to be held on November 6, 2018. Ms. Warren appeals the judgment of the trial court that sustained the objection of Chalander Smith, thereby disqualifying Ms. Warren from the election and striking her name from all pertinent ballots. For the reasons that follow, we reverse the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
On July 20, 2018, Ms. Warren timely filed an official notice of candidacy with the Clerk of Court for St. John the Baptist Parish, indicating her intent to submit herself as a candidate for election to the St. John the Baptist Parish School Board as a representative of District 6. In her notice of candidacy, Ms. Warren certified that she was domiciled at 36 Moss Drive, LaPlace, Louisiana, which property is situated within School Board District 6.
On July 27, 2018, Ms. Smith filed a petition challenging Ms. Warren's candidacy, alleging that Ms. Warren failed to meet the domicile requirements of La. R.S. 52(E)(1), specifically citing La. R.S. 18:492(A)(3), failure to meet the qualifications of the office, as the basis for her challenge.[1] Ms. Smith's challenge was tried *262 on July 31, 2018. At the conclusion of Ms. Smith's case-in-chief, Ms. Warren moved for an involuntary dismissal of Ms. Smith's challenge on the basis that she had not sustained her burden to make a prima facie showing that Ms. Warren was not domiciled within District 6 and therefore not qualified to run for the school board seat for that district. The trial judge, stating that he was "not convinced either way of the evidence just yet," denied Ms. Warren's motion for involuntary dismissal, and Ms. Warren proceeded to present her defense.
On August 1, 2018, the trial court rendered judgment disqualifying Ms. Warren from running in the election. In its reasons for judgment, the trial court specifically found that although Ms. Warren was no longer domiciled at 36 Moss, she was in fact still domiciled within District 6, albeit it at other various addresses within the district, at the time of, and for the year preceding, her qualification for the election. The trial court held that Ms. Smith failed to meet her burden of proof and therefore declined to disqualify Ms. Warren pursuant to La. R.S. 18:492(A)(3) on the basis that she does not meet the qualifications for the office she seeks in the primary election. However, the trial court further found that because Ms. Warren was not domiciled at 36 Moss at the time of her qualification, the information on her notice of candidacy regarding domicile was "not accurate," and because she admitted to "residing at Williamsburg on the date of qualification," she was aware that her statement regarding domicile was a "false statement." On this basis, the trial court disqualified Ms. Warren from running in the election.
Ms. Warren now appeals the trial court's judgment, raising the following assignments of error:
1) The trial court erred in disqualifying her on grounds that she falsified her domicile address in her notice of candidacy;
2) The trial court erred by denying her motion for involuntary dismissal; and
3) The trial court erred by extending its inquiry and analysis of her qualifications to run for School Board Member, District 6, after finding that she meets the domiciliary requirements of LSA R.S. 17:52.
DISCUSSION
In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. La. R.S. 18:492 ; Russell v. Goldsby, 00-2595 (La. 9/22/00), 780 So.2d 1048, 1049-51 ; Messer v. London , 438 So.2d 546, 548 (La. 1983). The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Russell,supra. The purpose of the notice of candidacy is to provide sufficient information to show a candidate is qualified to run for the office he seeks. Senegal v. Obafunwa, 99-1449, 99-1450 (La. App. 3 Cir. 9/27/99), 745 So.2d 74, 76. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Dixon v. Hughes, 587 So.2d 679 (La. 1991).
Although Louisiana law favors candidacy, once an objector makes a prima facie showing of grounds for disqualification, the burden shifts to the defendant to rebut the showing. Landiak v. Richmond, 05-0758 (La. 3/24/05), 899 So.2d 535, 541-2. In Landiak , the Louisiana Supreme Court further explained a plaintiff's burden in an election contest as follows:
Generally, the legal term "burden of proof" "denotes the duty of establishing by a fair preponderance of the evidence *263 the truth of the operative facts upon which the issue at hand is made to turn by substantive law." Black's Law Dictionary (8th ed). Under Louisiana's civil law, the "burden of proof" may shift back and forth between the parties as the trial progresses. Therefore, when the burden of proof has been specifically assigned to a particular party, that party must present sufficient evidence to establish the facts necessary to convince the trier of fact of the existence of the contested fact. Stated another way, the party on which the burden of proof rests must establish a prima facie case. If that party fails to carry his burden of proof, the opposing party is not required to present any countervailing evidence. On the other hand, once the party bearing the burden of proof has established a prima facie case, the burden then shifts to the opposing party to present sufficient evidence to overcome the other party's prima facie case.
Id. at 542.
At the conclusion of Ms. Smith's case-in-chief, Ms. Warren moved for an involuntary dismissal on the basis that Ms. Smith had failed to establish a prima facie case. A motion for involuntary dismissal is governed by La. C.C.P. art. 1672, of which subsection (B) provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
To avoid an involuntary dismissal of his action, the plaintiff must establish his claim by a preponderance of the evidence. See Christiano v. S. Scrap Recycling , 13-595 (La. App. 5 Cir. 12/27/13), 131 So.3d 1059, 1063. In considering whether the plaintiff has met this burden, the trial court is not required to review the evidence presented in the light most favorable to the plaintiff. Id. A trial court is vested with much discretion when ruling on a motion for involuntary dismissal; and a reviewing court may not reverse a ruling on a motion for involuntary dismissal unless it is manifestly erroneous or clearly wrong. Id. From our review of the evidence before the trial judge at the close of Ms. Smith's case-in-chief, we conclude that the trial court was manifestly erroneous in denying Ms. Warren's motion for involuntary dismissal.
In Ms. Smith's case-in-chief, she called four witnesses: Clerk of Court Eliana DeFrancesch, Registrar of Voters Russell Jack, Jr., Assessor Lucien Gauff, III, and plaintiff herself. Ms. DeFrancesch merely identified Ms. Warren's notice of candidacy that was filed with her office indicating a domicile for Ms. Warren of 36 Moss; Ms. DeFrancesch provided no other evidence regarding Ms. Warren's domicile or residence. Mr. Jack identified Ms. Warren's voter registration card showing that, as of May 2012, Ms. Warren was registered to vote in the parish with a domiciliary address of 36 Moss and that there had been no change to that designation; Mr. Jack provided no other evidence regarding Ms. Warren's domicile or residence.
Mr. Gauff identified a 2018 Parcel Listing from the Assessor's Office for the property located at 36 Moss, which indicates that ownership of the property was transferred in October 2017 from Federal National Mortgage to Andrew and Amanda Cannatella and a separate utility document *264 which shows that the utilities at that address were registered in the name of Mr. Cannatella. However, that same document also establishes that Ms. Warren was never the registered owner of that property. The fact that ownership of the property was transferred in October 2017 does not provide any evidence to the court as to whether Ms. Warren continued to reside in the home as her domicile after the transfer. Although Ms. Smith attempted to introduce an affidavit from Mr. Cannatella, purportedly to establish that Ms. Warren was not residing in the home after the transfer, the trial court eventually correctly excluded that affidavit from evidence and Ms. Smith did not attempt to call Mr. Cannatella for live testimony. Mr. Gauff provided no other evidence regarding Ms. Warren's domicile or residence.
Last, Ms. Smith herself testified. Ms. Smith stated that she did not know Ms. Warren and did not know where she lived. Ms. Smith merely alleged that Ms. Warren did not live at 36 Moss, but she did not claim to have personal knowledge of this fact or provide any explanation as to how she would have personal knowledge of this fact. As to Ms. Warren's domicile, Ms. Smith's allegation was nothing more than a completely unsupported allegation.
Based upon the evidence presented by Ms. Smith in her case-in-chief, she has failed to establish by a preponderance that Ms. Warren was not still residing and domiciled at 36 Moss at the time of the hearing on July 31, 2018. Although evidence may have been presented during Ms. Warren's defense of the matter, after her motion for involuntary dismissal was erroneously denied, that could support the assertion that Ms. Warren no longer resided at 36 Moss, we must review the propriety of the denial of the motion for involuntary dismissal based upon the evidence submitted by Ms. Smith in her case-in-chief. The burden never shifted to Ms. Warren and she therefore should not have been required to submit any evidence. Based upon the evidence submitted by Ms. Smith, we conclude, as the trial court ultimately concluded, that Ms. Smith failed to meet her burden of proof against Ms. Warren's qualifications. However, we find the trial court was manifestly erroneous in denying Ms. Warren's motion for involuntary dismissal, as Ms. Smith failed to prove by a preponderance of the evidence that Ms. Warren did not meet the residency requirements.
We therefore reverse the judgment of the trial court and reinstate Ms. Warren's candidacy for the position of St. John the Baptist Parish School Board, District 6, for the November 6, 2018 election.
REVERSED

Although Ms. Smith did not specifically cite La. R.S. 18:492(A)(1), failure to qualify for the primary election in the manner prescribed by law, she did allege that Ms. Warren falsely identified her domicile, and that was the basis upon which the trial court eventually disqualified Ms. Warren from the election.