# NOT FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 18-219

SUCCESSION OF PAUL VAN THORNTON

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, DOCKET NO. 59,497
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

**********

**SYLVIA R. COOKS**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, John E. Conery, and D. Kent Savoie, Judges.

**AFFIRMED.**

**Kevin Thornton**
**Pro Se**
**10 Green Meadow Circle**
**Valley Mills, TX 76689**
**(254) 315-3809**
**IN PROPER PERSON-APPELLANT:**
    **Kevin Thornton**

**Adam M. Sullivan**
**730 San Antonio Ave.**
**Many, LA 71449**
**(318) 256-0076**
**COUNSEL FOR DEFENDANTS-APPELLEES**
    **Randal Brasher and Nancy Brasher**

**COOKS, Judge.**

On August 23, 2004, Paul Van Thornton, who was legally domiciled and residing in Sabine Parish, Louisiana, died in Houston, Texas. There was a olographic will, dated February 14, 2004, which consisted of two sentences, reading as follows:

> I, Paul Van Thornton, leave all of my property and all other things that I own to my wife, Jane Scott Thornton. And iff [sic] the state law says my estate should be divided, I would have a usufruct to all my property be given to my wife, Jane Scott Thornton, as long as she lives.

The Succession of Paul Van Thornton was judicially opened on December 5, 2006 and a Judgment of Possession was rendered on December 11, 2006, placing Jane Scott Thornton into possession of seventy-five percent (75%) of Paul's immovable property in Louisiana and a boat. Placed into possession of twenty-five percent (25%) of the same was Kevin Thornton, who was the son of Paul Van Thornton, born out of wedlock. Neither the Detailed Descriptive List nor the Judgment of Possession included any immovable property other than Louisiana immovable property.

Several years after Paul died, Jane passed away. She died intestate and was survived by her only children, Randal Brasher and Nancy Brasher, each of whom are adopted. Subsequent to the Judgment of Possession in her Succession, it was discovered that Paul Van Thornton owned, at the time of his death, an undivided interest in a tract of immovable property located in Texas. The property has since been sold, but the parties involved, Kevin Thornton and Randal Brasher and Nancy Brasher, have been unable to agree on the distribution of the proceeds of the sale of that property.

On January 31, 2017, in the Eleventh District Court in Louisiana, Kevin Thornton filed a "Rule to Show Cause Why This Succession Should Not Be Reopened Under La. C.C.P. Art. 3393 to Interpret the Last Will and Testament of

2

Paul Van Thornton and Order." At issue are the proceeds from the sale of the aforementioned tract of property in Texas. Upon joint motion of the parties, the proceeds of the sale, in the amount of $214,322.52, were deposited into the court registry.

In his Rule, Kevin prayed for judgment recognizing himself as owner of all the proceeds. He argued that Paul intended to bequeath all his estate to him and/or that as a forced heir, he is entitled to recover, at a minimum, some portion of the proceeds.

On March 7, 2017, Defendants, Randal and Nancy Brasher, filed peremptory Exceptions of Prescription and Res Judicata, as well as a dilatory Exception of Unauthorized Use of Summary Proceedings. All exceptions were denied.

On September 25, 2017, a trial on the merits was held. The trial court rendered judgment denying Kevin's Rule, and ordering that the proceeds of the sale of the Texas property be distributed in accordance with the original December 11, 2006 Judgment of Possession (which provided for seventy-five percent (75%) to go to Randal and Nancy and twenty-five percent (25%) to go to Kevin).

Kevin, who is representing himself, has filed a suspensive appeal from that judgment, asserting several assignments of error:

A. The trial court was manifestly erroneous or clearly wrong by interpreting the Will of Paul Van Thornton to have bequeathed a *legacy of full ownership* of his entire estate rather than a *usufruct legacy* of all of Paul's property in favor of Jane Thornton. ["*I would have a usufruct to all of my Property be given to my wife Jane Scott Thornton as long as she lives.*"] This part of Paul's Will was ignored by the Trial Court defeating Paul's intentions almost entirely, but without comment by the Trial Court.

B. The Trial Court abused its discretion by ignoring terms of the Will of Paul Van Thornton in combination with the legal effect of the forced heirship "State law" of Louisiana which compelled a division of his estate and the bequeathing of the usufruct legacy in favor of Jane Thornton.

3

C. The Trial Court abused its discretion by ignoring the terminating effect of Jane Thornton's death upon the usufruct legacy bequeathed to her by the Will of Paul Van Thornton.

D. The Trial Court's finding was an abuse of discretion when it attributed a property ownership transfer from the estate [of] the testator to the estate of [the] usufructuary, rather than to the estate of the naked owner, as the correct legal effect of the termination of a usufruct.

E. The Trial Court's finding was an abuse of discretion when it ruled that ownership of some or all of the funds currently being held in the registry of the 11th Judicial District Court and constituting the remaining estate of Paul Van Thornton may be transferred to Jane Thornton, the usufructuary of the entire estate of Paul Van Thornton, rather than to the naked owner of the entire estate of Paul Van Thornton, Kevin Thornton.

F. The Trial Court's finding was an abuse of discretion when and if it ruled that the Will of Paul Van Thornton created a legacy that transferred the ownership of any property to Jane Thornton in light of the division of Paul's estate due to Louisiana State law of forced heirship.

Randal and Nancy answered the appeal and seek a modification of the judgment to award the Estate of Jane Scott Thornton all the proceeds of the property sale which were deposited into the court registry.

## ANALYSIS

Kevin essentially makes two arguments in his brief. First, he argues that Paul intended to bequeath the naked ownership of his entire estate to him, subject to a lifetime usufruct in favor of his wife, Jane Scott Thornton. He asserts the olographic will left by Paul "was written in confusing fashion, and it neglected to mention anything about his 19 year-old son, Kevin."

Louisiana Civil Code Article 1611(A) discusses the interpretation of testaments and states:

> The intent of the testator controls the interpretation of his testament. If the language of the testament is clear, its letter is not to be disregarded under the pretext of pursuing its spirit. The following rules for interpretation apply only when the testator's intent cannot be ascertained from the language of the testament. In applying these rules, the court may be aided by any competent evidence.

4

While the will drafted by Paul is certainly brief, there is nothing to support Kevin's claim that it is confusing. The first sentence in the will states, "I, Paul Van Thornton, leave all of my property and all other things that I own to my wife, Jane Scott Thornton." That language clearly and unambiguously provides that all his property is to be left to his wife. He then goes on to state, that "iff [sic] state law says that my estate must be divided, I would have a usufruct to all my property be given to my wife, Jane Scott Thornton, as long as she lives." This indicates an intent to not leave any other person any portion of his estate other than what the law requires him to do. Further, in the event, the law requires him to provide some portion of his estate to another, then he intended to burden that forced portion with a usufruct in favor of his wife. That is expressly permitted in our law under La.Civ.Code arts. 1496 and 1499.

Admittedly, the will in question is not artfully drafted. However, the law is clear that the testator's intent controls the interpretation of his testament. La.Civ.Code art. 1611(A). A testament "should be interpreted in a sense in which it can have effect, rather than in one in which it can have none." La.Civ.Code art. 1612. "The law is indulgent with documents written without the aid of counsel and obeys the testator's clear intention however informally conveyed." *Succession of Achee*, 16-716, p. 8 (La.App. 1 Cir. 8/16/17), 229 So.3d 5, 12 (citing *In re Succession of White*, 06-1002 (La. App. 1 Cir. 5/4/07), 961 So.2d 439, 441).

We find the trial court did not err in finding Paul intended to leave his wife, Jane, the entirety of his estate, less the minimum required by state law; and that the minimum required by state law would then be burdened by a usufruct. Contrary to Kevin's argument, the second sentence of his will contemplating the potential necessity that state law might require he leave some portion of his estate to a forced heir, does not negate the clear intent of the first sentence where Paul clearly states his intent to leave his wife full ownership of his estate.

In his second argument, Kevin maintains the trial court erred in not awarding him the entirety of the proceeds of the sale of the Texas immovable property that was deposited in the registry of the Louisiana district court. Randal and Nancy answered the appeal, asserting the trial court erred in not awarding them the entirety of the proceeds. They maintain a domiciliary of Texas (which they argue Kevin is) cannot assert a claim of forced heirship over real property situated in Texas when the deceased died domiciled in Louisiana.

Louisiana Civil Code article 3534 is the applicable law for dealing with successions involving immovable property located in another state. It provides:

> Except as otherwise provided in this Title, testate and intestate succession to immovables situated in another state is governed by the law that would be applied by the courts of that state.
>
> If the deceased died domiciled in this state and left at least one forced heir who at the time was domiciled in this state, the value of those immovables shall be included in calculating the disposable portion and in satisfying the legitime.

Pursuant to the first paragraph of La.Civ.Code art. 3534, Texas law would normally govern the succession to the property in question. As Randal and Nancy point out, Texas does not have forced heirship laws, and has not since 1856.

Thus, Kevin's only claim to his forced heir portion of the proceeds of the sale of the property rests on whether he can fall under the second paragraph of article 3534. That provision requires him to establish he was domiciled in Louisiana at the time of Paul's death. The trial court did not produce any written reasons, nor were any oral reasons given, for its ruling that Kevin was to receive his forced heir portion (twenty-five percent) of the proceeds. Thus, we are unclear as to the reasoning behind that ruling.

Under La.Civ.Code art. 3534, the trial court's ruling would require a finding that Kevin was domiciled in Louisiana at the time of Paul's death. We will assume that the trial court, thus, found Kevin was domiciled in Louisiana at the time of

6

Paul's death. A review of the record shows the evidence was conflicting on this point. Kevin testified at both the preliminary hearing and at trial that he was born in Texas, thereby establishing his original domicile. Kevin did testify he was living with Paul at his home in Louisiana in the period of time preceding Paul's death. That testimony was corroborated by others at trial. Paul testified when he was around eighteen (Kevin was nineteen when Paul died) he moved in with Paul at his home in Many, Louisiana. Kevin did testify he never registered to vote in Louisiana, nor did he obtain a Louisiana driver's license.

This court in *Smith v. Goins*, 08-938, p. 2 (La.App. 3 Cir. 7/30/08), 994 So.2d 591, 594, stated "[d]omicile is defined as the principal establishment where one habitually resides, with a corresponding intent to remain. La.Civ.Code art. 38; *Russell v. Goldsby*, 00-2595 (La.9/22/00), 780 So.2d 1048." We cannot say the trial court erred in finding, at the time of Paul's death, Kevin was domiciled in Louisiana. He had been living with Paul in Louisiana for approximately one year at the time of Paul's death. This seemingly would constitute the principal establishment where he habitually resided, and we cannot say it was unreasonable to conclude Kevin had a corresponding intent to remain prior to Paul's death. Therefore, we will affirm the trial court's judgment ordering the proceeds of the Texas property be distributed in accordance with the original December 11, 2006 Judgment of Possession.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed equally between the parties.

**AFFIRMED.**