WILLIAMS, J.
h Nathaniel “Roy” Williams appeals from a judgment of the Fifth Judicial District Court, Richland Parish, the Hon. Glynn Roberts presiding, disqualifying Williams as a candidate for Chief of Police of the Town of Delhi, Louisiana. For the following reasons, we reverse.
FACTS
Qualifying for this office commenced on August 20, 2014, and ended on August 22, 2014. Three persons qualified as candidates: Roy Williams, Johnny Cleveland, and Ken Harrell. On August 28, 2014, Mr. Cleveland filed a petition[1] in the district court objecting to Mr. Williams’ candidacy on the grounds that Williams was not domiciled within the limits of the Town of Delhi for one year prior to qualification.
The matter was tried in the district court on September 2, 2014. Williams and Cleveland, both appearing pro-se, were the only witnesses.
Williams explained that he owns a home at 772 McHand Drive, an address outside of the town limits of Delhi, and has owned that home for twenty-one years. He has lived there with his wife and child, and until 2012, he kept his homestead exemption on that home. However, he argued that he has been domiciled at 127 Robinson Lane — a home within the Delhi town limits[2] — for more than a year prior to qualifying.
Williams does not own the home at 127 Robinson Lane; the home is owned by Mr. Edward Cowart. Williams explained:
[⅞1 have a gentleman that’s let me stay there for free. We had made a verbal agreement, if I lived in the home and I worked on it and fixed the things that were wrong in there, he would not charge me any rent.
However, Williams testified that his wife and fifteen-year old child “stay [at 772 McHand Drive] most of the time” although “they come and stay with me [at Robinson Lane] sometimes” and that his child’s address at school had been changed to the Robinson Lane address “right after the first school started.”
After 2012, Williams no longer claimed a homestead exemption on his McHand Drive home; he testified:
I knew I was going to run for chief of police and I knew that I had property outside of the city limits. I couldn’t claim homestead exemption on it.
He does not claim a homestead exemption on any property.
Williams testified, and documentary evidence established, that he registered to vote at the Robinson Lane address on August 14, 2013, and Williams’ drivers’ license — which was issued on October 10, 2013 — also shows the Robinson Lane address. On August 28, 2013, Williams filed a change of address with the U.S. Postal Service changing his address from the McHand Drive address to the Robinson Lane address. Williams said that he moved his land line telephone service from the McHand address to the Robinson Lane address “about two weeks” prior to the trial of this matter.
Mr. Cleveland testified that he lives in the town limits of Delhi on Teer Street, a street that intersects Robinson Lane. Cleveland said that he had “occasionally” *231 seen Mr. Williams’ car at the Robinson Lane home, that | s“it’ll be there and then it leaves” and that “he comes and he does things and he leaves.” When asked if he had ever seen Williams’ car at the Robinson Lane home overnight, Cleveland explained: “[T]he only time I seen it over there at night was about a week ago.” Cleveland said that no one else stayed in the Robinson Lane home.
Additional documentary evidence was introduced along with the parties’ testimony. Electricity bills from Entergy showed that electric service in Mr. Williams’ name was established at the Robinson Lane address in July 2013. Those bills showed that some electricity was used at this address in the succeeding months, although in many months the usage was minimal; the highest usage was in the warmer months of the year.
Records that show water usage for 127 Robinson Street were also admitted into evidence. The records show that service was established at the address in July 2013 and that 22,000 gallons of water were used that month. Like the electrical usage, the water usage was also sporadic, and in several months the records reflected zero usage. Mr. Williams explained that “At one time, Delhi had some problems with their meters. Their meters were malfunction[ing].” He also explained that he did not stay every night in the Delhi home, stating that he sometimes stayed at his residence outside of Delhi to prevent theft of the personal property that he kept there.
After hearing all of this evidence, the trial judge found that Williams was not domiciled in the Town of Delhi for the year prior to qualifying. The judge explained:
I have to determine that I believe your domicile is McHand, which is outside the city limits. And there are several reasons |4for that. Is the fact that you’ve lived there for twenty or twenty-one years. That’s where you raised your family. I believe that your wife and daughter pretty much lives there permanently. I know you’ve done a lot of things with the intent to qualify and run for office. You’ve changed the registration at school to show that she is a domiciliary of Robinson. You’ve changed your drivers’ license. All of these things. But I don’t believe that you live there permanently. And I think that the change to Robinson — and pretty much, you’ve admitted was to be able to qualify and run for chief of police. And I appreciate you being honest. And know obviously you’ve received legal advice. Lawyers have told you because you’ve done everything. And that’s probably good. But my problem is, I don’t think that you can change your domicile to inside if your sole purpose is to make all these changes so that you can qualify to run. I think the whole thing is I’ve got to look at where are you physically present and what is your intention. Your intention wasn’t to go to 127 Robinson and live. Your intention was to get a house there, establish a residence so you could qualify. And the house is not owned by you. You don’t pay rent. It’s still owned by Mr. Cowart. When I factor all of that in as much — and I think elections ought to be open. We ought to let everybody in and run and let the people settle it. But the law says these are the qualifications. You’ve got to have had a domicile. Your domicile must have been there for the last year. And using what I understand to be the legal definition of domicile is physical presence plus intent. I’ve got to say no. You hadn’t done that. So I’m going to rule in Mr. Cleveland’s favor....
*232 The trial judge signed a judgment disqualifying Williams as a candidate on September 2, 2014, at 10:45 a.m. Williams made a timely motion for appeal, and the record lodged in this Court on Friday, September 5, 2014, at 9:51 a.m.
DISCUSSION
On appeal, Mr. Williams argues that the trial court erred in finding that he was not actually domiciled at the Robinson Lane address.
La. R.S. 33:385.1 provides, in part:
A. Except as otherwise provided in this Section, an elected chief of police of a municipality shall be an elector of the | .^municipality. At the time of qualification as a candidate for the office of chief of police, he shall have been domiciled for at least the immediately preceding year in the municipality^]
An action objecting to the candidacy of a person for office may be brought when the person does not meet the qualifications for the office he seeks in the primary election. La. R.S. 18:492(A)(3). In Russell v. Golds-by, 2000-2595 (La.9/22/00), 780 So.2d 1048, 1051, the supreme court explained:
In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. La. R.S. 18:492; Messer v. London, 438 So.2d 546 (La.1983). The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Dixon v. Hughes, 587 So.2d 679 (La.1991).
See also Landiak v. Richmond, 2005-0758 (La.3/24/05), 899 So.2d 535. Likewise, the court further explained in Russell:
[W]e note it is well settled that residence and domicile are not synonymous, and a person can have several residences, but only one domicile. La. Civ. Code art. 38; Messer, 438 So.2d at 547; Autin v. Terrebonne, 612 So.2d 107 (La. App. 1st Cir.1992). A person’s domicile is his principal establishment wherein he makes his habitual residence and essentially consists of two elements, namely residence and intent to remain. The question of domicile is one of intention as well as fact, and where it appears domicile has been acquired in another place, the party seeking to show it has been changed must overcome the legal presumption that it has not been changed by positive and satisfactory proof of establishment of a domicile as a matter of fact with the intention of remaining in the new place and of abandoning the former domicile. Pattan v. Fields, 95-1936 (La.App. 1st Cir.1995), 669 So.2d 1233. Absent declaration to change domicile, proof of this intention depends upon circumstances; there is a presumption against change of domicile. Messer, 438 So.2d at 547; Herpin v. Boudreaux, 98-306 (La.App. 3d Cir.3/5/98), 709 So.2d 269, writ denied, 98-0578 (La.3/11/98), 712 So.2d 859.
Russell v. Goldsby, supra, at 1051.
| (¡In election cases as in other matters, the manifest error-clearly wrong standard demands great deference to the trier of fact’s findings when such findings are based on determinations regarding the credibility of witnesses. Bradley v. Theus, 28,714 (La.App.2d Cir.2/20/96), 668 So.2d 1304, 1308, writ denied, 96-0469 (La.2/26/96), 668 So.2d 355.
We conclude that the district court erred in its determination that Mr. Williams was not domiciled within the Town of Delhi for the year prior to his qualification for the office of Chief of Po *233 lice, and specifically we find that the district court erred in its apparent conclusion that the challenger established a prima facie case that Williams was domiciled outside of Delhi.
Mr. Williams was domiciled in a residence on McHand Drive outside of Town limits for approximately twenty years. However, for the year prior to the qualifying period, Mr. Williams took the steps he needed to take to establish a new domicile within Delhi to run for Chief of Police.
First, Mr. Williams secured a residence within the town. The residence was in need of repair, and Williams avoided a rent obligation by agreeing to repair the home in exchange for the right to live in the residence. Second, Williams established electric and water service at this home. Although the various utility records demonstrate sporadic usage, the evidence in this record does not prove the usage to be inconsistent with the habitation of the home as described by Williams. Third, Williams changed his addresses for postal mail, voter and school registration. Fourth, and significantly, Williams chose to forbear the homestead exemption on the property that he owned outside of Delhi, a choice that caused him to pay | ^additional taxes. Because of its cost, that choice is an important factor in determining where a person is actually domiciled.
These are all relevant elements to the determination of domicile, Landiak, supra, and all of the elements — especially the documentary evidence — are in favor of finding that Williams was domiciled in Delhi. A person may change his domicile in order to qualify for a political office so long as that change is genuine and a change in fact, not a fiction to avoid the domicile requirement for qualification. The challenger to Williams’ candidacy failed to present a prima facie case that Williams was not domiciled in Delhi, and the burden of producing evidence never shifted to Williams. Indeed, the “actual state of the facts,” as explained in Landiak, supra, and evidenced by Williams’ conduct, shows that Williams was domiciled in Delhi for the year prior to this election.
Accordingly, the judgment of the district court is hereby reversed at appellee’s cost, and Mr. Williams is reinstated as a candidate for the Chief of Police for the Town of Delhi.
REVERSED.

. The petition was in the form of a letter to the Richland Parish District Attorney but was filed with the clerk of the district court and treated as a petition objecting to Williams’ candidacy.

. Williams also owns an unimproved lot within the town limits.