Judgment rendered August 5, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,891-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

NATHANIEL ROY WILLIAMS                    Plaintiff-Appellee

versus

GEORGE HARRISON                           Defendant-Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Richland, Louisiana
Trial Court No. 48,756-B

Honorable William R. Barham, Judge

* * * * *

PROLIFIC LITIGATION GROUP, LLP        Counsel for Appellant
By: Krystal J. Williams


NATHANIEL ROY WILLIAMS                 In Proper Person,
                                       Appellee


* * * * *

Before PITMAN, THOMPSON, and HUNTER, JJ.


HUNTER, J., dissents with written reasons.

**THOMPSON, J**.

George E. Harrison appeals the ruling of the trial court disqualifying him as a candidate for Chief of Police of the Town of Delhi, Louisiana. For the following reasons, we affirm.

## FACTS

On July 22, 2022, appellant George Elbert Harrison ("Harrison"), qualified as a candidate for this office, listing his domicile address on a "Notice of Candidacy (Qualifying Form)," as 203 Robinson Lane, a residence within the municipality of Delhi, Louisiana. On that qualifying form, Harrison also certified before a notary public and two witnesses, that he was a "duly qualified elector" of Ward 00, Precinct 33 (Paragraph 4), and that he was registered to vote in the precinct of the residence in which he claimed a homestead exemption (Paragraph 8).

On July 28, 2022, Nathanial Roy Williams filed a petition in district court objecting to the candidacy of Harrison on the grounds that Harrison claimed a homestead exemption at a location outside of the municipality of Delhi and was not physically domiciled at 203 Robinson Lane. Harrison did not answer the petition. The matter was tried on August 1, 2022. Harrison and Williams, both appearing *pro se*, were the only witnesses who testified. With the exception of Harrison cross-examining Williams, the trial court questioned both witnesses and placed all exhibits into evidence.

Prior to beginning the trial, and with the consent of both parties, the trial court introduced into evidence C-2, copies of Harrison's Notice of Candidacy (Qualifying Form), and the documents he attached thereto which included Harrison's driver's license which listed his address as 788 Hwy. 132, Delhi, LA, and Harrison's Voter Information Report, which showed

that Harrison was registered to vote in Ward 00, Precinct 33 at a residence address of 203 Robinson Ln., Delhi, LA. The trial court also noted that La. R. S. 33:385.1 required the Chief of Police of a municipality to be an elector of the municipality and domiciled for at least the immediately preceding year in the municipality.

Williams was called by the court as a witness and testified that it was brought to his attention that Harrison was "claiming homestead exemption in Franklin Parish," at the address of 634 Highway 132, which was not within the municipality of Delhi. Williams also testified that Harrison also maintained a residence at 788 Highway 132, in Franklin Parish. Williams conceded that 203 Robinson Lane was within the "City Limits of Delhi," but asserted that Harrison was not actually domiciled there for the year preceding his qualification. The factual basis for Williams' claim included his eyewitness accounts of the activities he saw take place at 203 Robinson Lane. Williams stated that he lived down the block from that residence and passed by there every day. Williams testified that he never saw anyone at that residence and that Harrison "comes and mows the yard on occasion," but puts the mower on a trailer and does not stay in the residence. Williams identified a document he attached to his pleadings from the Franklin Parish Tax Assessor's Office, which showed that as of July 26, 2022, Harrison's physical address was listed as 634 Highway 132, a location according to Williams that was "known as Delhi, Louisiana, but it's actually within Franklin Parish."[1]

---

[1] This document, not formally entered in to evidence by the trial court, verified that Harrison claimed his homestead exemption at this physical address. As noted below, Harrison admitted this fact at the trial.

On cross-examination by Harrison, Williams testified that he went by the Robinson street residence at 6:10 each weekday morning and between 5:00-5:30 each weekday evening and patrolled the area during the day. Williams also stated that Harrison's "garbage receptacle never moves, it stays up under the carport."

At the beginning of his testimony, Harrison confirmed that C-2 accurately depicted copies of his candidacy form, driver's license and voter information report. Harrison explained that he got a divorce in 1993 and that his ex-wife has lived at the 634 Highway 132 residence since that time. Harrison further explained that he "stayed" at 788 Highway 132 before he moved to 203 Robinson Lane about five years ago. Harrison understood that in Louisiana an individual can claim a homestead exemption in only one place and conceded that the assessment of the Franklin Parish Assessor's Office attached to Williams' petition showed that he claimed his homestead exemption at the 634 Highway 132 address. Ultimately Harrison admitted that as of 2022 he claimed his homestead exemption at 634 Highway 132, and had not changed it because "once it's signed—you file it, it's just constantly there." Harrison nevertheless insisted that he rented and lived at the Robinson Lane address and had the utilities placed in his name.[2] Harrison also conceded that the issue date on his driver's license was June 15, 2022, and that he listed his address as 788 Highway 132. Harrison explained that he "just never did change my driver's license," and "let it stay, that 788." Harrison identified a "print out form Google maps," filed

---

[2] Harrison further revealed that the owners of the home were deceased and that he dealt with their daughter who lives in Michigan.

into evidence by the trial court, which showed "the entirety of Highway 132." Harrison agreed that the "entirety of Highway 132 is within the territorial jurisdiction of Franklin," except for a small portion above Mangham, Louisiana, and that it did not matter "what you address is on that highway, it's in Franklin Parish."[3]

When shown his candidacy form, Harrison admitted that he listed his domicile address as 203 Robinson Lane and stated that he was a qualified elector of Ward 00 Precinct 33. Harrison also agreed that he signed that portion of the form which stated that he was registered to vote in the precinct where he claimed his homestead exemption, and that he signed the form under oath before a notary and witnesses.

In support of his case, Harrison introduced documentary evidence regarding his proof of domicile at 203 Robinson Lane, and offered testimony about those documents as follows:

> 1) D-1--Harrison's Entergy bill from the 203 Robinson Lane residence from July 2022 in the amount of $34.06. Robinson blamed the low amount of the bill on his not being there or being on vacation. He also noted that he would "spend maybe a week or so out in Houston with my daughter," and that he did not use a lot of electricity because he went to "ball games and all that kind of stuff." Harrison conceded, however, that the bill showed comparable low usage from January 2021 through July of 2022, with the exception of September of 2021, when he used three times the electricity as any other time. Harrison admitted that an Entergy bill from 788 Highway 132 was also in his name, but could not remember if Entergy bill from 634 Highway 132 residence was still in his name.
>
> 2) D-2--A document showing taxes paid to the municipality of Delhi on the Robinson Lane residence. Harrison admitted that he did not pay the "assessment" on that residence to the tax assessor.

---

[3] Mangham and Delhi, Louisiana are located in Richland Parish.

3) D-3--Harrison's "Utility Statement" for the 203 Robinson Lane residence showing Harrison's water usage for the month of July, 2022 in the amount of $10.75. The total bill included a composite total of water, sewer, garbage and a miscellaneous charge. From July 2021, this document showed total bill history amounts from $39.50-$40.75.[4]

4) D-4--An affidavit from Harrison's son attesting to the fact that Harrison resided at 203 Robinson Lane for the last five years or so.

5) D-5--Robinson's divorce decree of January 12, 1993. Harrison admitted that the house at 634 Highway 132 was still community property because there had been no property partition.

Harrison showed the trial court photographs of the Robinson Lane house he took the morning of and the Saturday before the hearing.[5] The trial court inquired as to whether Harrison had any photographs from six months to a year before the trial. Harrison did not. Harrison admitted to the trial court that his dog lives at the 788 Highway 132 residence.

Upon completion of the presentation of evidence and argument of the parties, the trial court orally ruled as follows:

> [E]verything that I have seen indicates that you are a—not only a resident but a domiciliary of the Parish of Franklin which obviously is outside the jurisdiction of the Town of Delhi. I searched diligently through cross—you know, through examination of everything, trying to find something . . . I feel like all I've got is some pictures that were taken this morning as well as an Entergy bill that raised some very serious concerns and questions with regard to the amount of consumption of energy that took place over the last couple of—last year and a half. But also what I'm going back to is the – the notice of candidacy the qualifying form itself and that's what I'm going to restrict my ruling to. I have a driver's license that was issued and I guess it's that it was requested by you to be issued on June 15[th] of 2022 that loudly and clearly in no uncertain terms whatsoever declares your address to be in Franklin Parish on Highway 132. I do—I do see the voter information report that

---

[4] Because the bill was composite of several different services, it is not possible to determine actual water usage for those dates.

[5] Although discussed in the record, copies of the photographs were never introduced into evidence and are not before this Court on review.

you submitted that indicates Robinson Lane but that—that I fear is the only thing and then I'm looking at this homestead exemption form from Franklin Parish that was printed out July 26th of 2022 regarding the 2022 parcel listing that says you are the owner of this residence and you claim homestead exemption in Franklin Parish and that you are one hundred percent the primary owner of that residence. So with all of those things being introduced, we also have the other—other evidence that was submitted and arguments that were made, the Court is going to disqualify Mr. Harrison for running for office of Chief of Police as the Court does find that he is not domiciled within the Town of Delhi. So that will be the ruling of the Court. We'll introduce all of those exhibits into evidence. We thank ya'll all for your time in this.

These finding were memorialized by the trial court in a written ruling on August 1, 2022. Harrison made a timely motion for appeal, and the record lodged with this Court on Wednesday, August 3, 2022.

## DISCUSSION

On appeal, Harrison argues that the trial court erred in finding that Williams established a *prima facie* case that Harrison was not domiciled at 203 Robinson Lane. Alternatively, Harrison argues that should this Court find that Williams established a *prima facie* case, the trial court erred in failing to find that Harrison rebutted that showing with the evidence he presented. Finally, Harrison argues that the trial court was without authority to restrict its ruling to the qualifying form, when that issue was not raised in Williams' petition.

La. R.S. 33:385.1(A) provides in relevant part:

Except as otherwise provided in this Section, an elected chief of police of a municipality shall be an elector of the municipality. At the time of qualification as a candidate for the office of chief of police, he shall have been domiciled for at least the immediately preceding year in the municipality [.]

A challenge to the candidacy of a person may be based on the grounds that the candidate "does not meet the qualifications for the office he seeks in

6

the primary election," or that "the defendant failed to qualify for the primary election in the manner prescribed by law." La. R.S. 18:492(A)(1) and (3).

Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified. *Landiak v. Richmond*, 2005-0758 (La. 3/24/05), 899 So. 2d 535; *Russell v. Goldsby,* 2000-2595 (La. 9/22/00), 780 So. 2d 1048. Once the party bearing the burden of proof in an objection to candidacy case has established a *prima facie* case that the candidate is disqualified, the burden shifts to the party opposing the disqualification to rebut the showing. *Dist. Attorney v. DeJohn*, 2015-1478 (La. App. 1 Cir. 9/28/15), 182 So. 3d 188.

Moreover, a court determining whether the plaintiff objecting to candidacy has carried his burden of proof must liberally construe the laws governing the conduct of elections "so as to promote rather than defeat candidacy. *Landiak, supra*. Any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. *Id*. In election cases as in other matters, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings when such findings are based on determinations regarding the credibility of witnesses. *Cleveland v. Williams*, 49,664 (La. App. 2 Cir. 9/8/14), 148 So. 3d 229.

When the qualification for an office include a residency or domicile requirement, a candidate shall meet the established length of residency of domicile. *Sellar v. Nance*, 54,617 (La. App. 2 Cir. 3/1/22), 336 So. 3d 103. Domicile of a natural person is defined as "the place of his habitual residence." La. C.C. art. 38. A person may reside in several places but may

7

have only one domicile.  La. C.C. art. 39.  A person's domicile is his principal establishment, wherein he makes his habitual residence and essentially consists of two elements, namely residence and intent to remain in place.  *McClendon v. Bel*, 00-2011 (La. App. 1 Cir. 9/7/00), 797 So. 2d 700.  If a candidate has more than one residence, intention is the determinative factor in ascertaining the location of his domicile.  *Martin v. Robinson*, 20-0687 (La. App. 1 Cir. 8/6/20), 311 So. 3d 378.

A candidate sets out his qualifications in the initial filing of notice of candidacy under La. R.S. 18:461.  *Kelley v. Desmarteau*, 50,552 (La. App. 2 Cir. 9/28/15), 184 So. 3d 55.  The purpose of the notice of candidacy is to provide sufficient information to show a candidate is qualified to run for the office he seeks.  *Sellar, supra*; *Percle v. Taylor*, 20-244 (La. App. 5 Cir. 8/5/20), 301 So. 3d 1219, *writ denied*, 20-00983 (La. 8/10/20), 300 So. 3d 878; *Trosclair v. Joseph,*14-675 (La. App. 5 Cir. 9/9/14), 150 So. 3d 315, *writs not cons.*, 14-1909 (La. 9/12/14), 148 So. 3d 572 and 14-1920 (La. 9/12/14), 148 So. 3d 937.

La. R. S. 18:463 sets forth the requirements for a notice of candidacy in relevant part as follows:

> (2)(a) The notice of candidacy also shall include a certificate, signed by the candidate, certifying all of the following:
> . . . .
>
> (i) That he has read the notice of his candidacy.
>
> (ii) That he meets the qualifications of the office for which he is qualifying.
> . . . .
>
> (viii) Except for a candidate for United States senator or representative in congress or a candidate who resides in a nursing home as defined in R.S. 40:2009.2 or in a veterans' home operated by the state or federal government, that if he claims a homestead exemption on a residence pursuant to

8

Article VII, Section 20 of the Constitution of Louisiana, he is registered and votes in the precinct in which that residence is located.

(ix) That all of the statements contained in it are true and correct.

The filing of a false certification in a notice of candidacy with respect to the homestead exemption relates to the failure to qualify in the manner prescribed by law in La. R.S. 18:492(A)(1), because the "manner for qualifying" includes "the filing of an accurate notice of candidacy under oath, accompanied by the qualifying fee." *Sellar, supra*; *Percle, supra*. The candidate's certification by affidavit constitutes substantive and/or material information and any inaccuracies or falsities made by the candidate regarding this information is grounds for disqualification under La. R.S. 18:492(A)(1), because "what is at stake is no less than the integrity of the process of qualifying for public office." *Id.*

La. R.S. 18:101(B) addresses voter registration as it relates to homestead exemption as follows:

> For purposes of the laws governing voter registration and voting, "resident" means a citizen who resides in this state and in the parish, municipality, if any, and precinct in which he offers to register and vote, with an intention to reside there indefinitely. If a citizen resides at more than one place in the state with an intention to reside there indefinitely, he may register and vote only at one of the places at which he resides. If a person claims a homestead exemption, pursuant to Article VII, Section 20 of the Constitution of Louisiana, on one of the residences, he shall register and vote in the precinct in which that residence is located, except that a person who resides in a nursing home as defined in [La.]R.S. 40:2009.2 or in a veterans' home operated by the state or federal government may register and vote at the address where the nursing home or veterans' home is located. For purposes of voter registration and voting, the residence of a married woman shall be determined in the same manner as is required for any other citizen. A citizen of this state shall not be or remain registered or vote in more than one place of residence at any one time.

9

We find no merit to the first two of Harrison's claims regarding Williams' *prima facie* proof and Harrison's rebuttal of the evidence. It is Harrison's position that Williams' testimony and the "Franklin Parish Assessor 2022 Parcel Listing" was insufficient evidence to satisfy that initial burden of proof and that Harrison was not required to present any further evidence. Otherwise, Harrison argues that he sufficiently rebutted any evidence presented by Williams at the trial of this matter. In this matter, contrary to Harrison's arguments, the totality of evidence favorable to Williams consisted of more than his testimony and the tax assessor document. With the parties' consent and without objection, a copy of Harrison's driver's license, notice of candidacy and voter registration report were introduced into evidence prior to the testimony of the parties. Neither party challenged the introduction of any of this evidence. The *pro se* litigant assumes all responsibility for his own inadequacy and lack of knowledge of procedural and substantive law. *Stevens v. City of Shreveport*, 49,437 (La. App. 2 Cir. 11/19/14), 152 So. 3d 1071, *writ denied*, 2015-0197 (La. 4/17/15), 168 So. 3d 399.

Our full review of the evidence ultimately shows no clear error in the trial court's disqualification of Harrison as a candidate for Chief of Police of the municipality of Delhi for the reasons that follow. Regarding the domicile requirement, an issue of qualification for office, Williams gave basically unrefuted eyewitness testimony showing that Harrison mowed the grass at the Robinson Lane address with a mower he kept elsewhere, did not stay at the house on a daily basis, and did not utilize the weekly trash service. Harrison conceded that both residences at issue on Highway 132 were located in Franklin Parish and outside of the municipal limits of Delhi.

10

Harrison also admitted that he had previously lived at 788 Highway 132 prior to moving to the Robinson Lane address. Nevertheless, in June of 2022, Harrison renewed his driver's license and listed his address as 788 Highway 132, the location at which his dog also stays. Although Harrison claimed to rent the Robinson Lane residence, he paid no actual rent for his alleged occupancy and failed to introduce any evidence to show that he truly paid any taxes on that property. Documentation of water and electricity usage at the Robinson Lane address, introduced into evidence by Harrison himself, was sufficient to show only minimal water usage at the home for the month of July 2022 and showed consistently low electricity usage for the year preceding Harrison's qualification. Harrison offered ambiguous explanations for the low utility usage. Harrison was also able to produce only recent photographic proof of his activities at the Robinson Lane home, but nothing showing anything relating to his occupancy of this home one year prior to his qualification. When considering the totality of this evidence as well as the testimony of the parties, we find it sufficient to establish a *prima facie* case that Harrison was not domiciled at the Robinson Lane address at the time of his qualifying and that Harrison failed to rebut that showing regarding the issue of domicile.

We also reject Harrison's challenge to that portion of the trial court's ruling regarding the issue of Harrison's notice of candidacy. We note that the trial court's oral ruling can clearly be read to address both the domicile and notice of candidacy issues. Further, the law affords *pro se* litigants leeway and patience in the form of liberally construed pleadings. *Greenwood Cmty. Ctr. v. Calep*, 48,737 (La. App. 2 Cir. 1/15/14), 132 So. 3d 470. A review of Williams' pleading shows that he specifically raised

11

the issue of Harrison's homestead exemption, attaching to his pleading a document from the tax assessor relating to this issue. Further, as noted above, neither party lodged any objection to the evidence introduced at trial or the questions asked of Harrison regarding his homestead exemption and candidacy form. In these circumstances, we find that the trial court was well within its discretion to liberally construe Williams' pleading as raising a notice of candidacy claim. On the merits of that claim, the evidence clearly showed that although at the time of his qualifying, Harrison claimed a homestead exemption on property located outside the municipality of Delhi located at 364 Highway 132, he nevertheless registered to vote in the precinct in which the Robinson Lane address is located. On his July 27, 2022, candidacy form, Harrison inaccurately swore before a notary public and two witnesses that he was registered to vote in the precinct of the residence on which he claimed his homestead exemption. The manner for qualifying includes the filing of an accurate notice of candidacy and certification by affidavit constitutes substantive and material information. This Court has previously held that any inaccuracy on a candidacy form regarding the homestead exemption undermines the integrity attendant to the process of qualifying for public office and is grounds for disqualification of that candidate under La. R.S. 18:492, as a failure to qualify in the manner prescribed by law. *Sellar, supra.* We adhere to that precedent in this matter.

For the reasons heretofore discussed, we find that the record before us fully supports the trial court's ruling disqualifying Harrison as a candidate for Chief of Police of the Town of Delhi, Louisiana.

12

## CONCLUSION

For the foregoing reasons, the ruling of the trial court is affirmed.

Costs of this appeal are assessed to Harrison.

**AFFIRMED**.

**Hunter, J. dissenting.**

The laws governing the conduct of elections must be liberally interpreted so as to promote, rather than defeat, candidacy. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. *Dixon v. Hughes*, 587 So. 2d 679 (La. 1991); *Cleveland v. Williams*, 49,64 (La. App. 2 Cir. 9/8/14), 148 So. 3d 229.

A person objecting to candidacy bears the burden of proving that the candidate is disqualified. *Nocito v. Bussey*, 20-0986 (La. 8/15/20), 300 So. 3d 862. In *Landiak v. Richmond*, 05-0758 (La. 3/24/05), 899 So. 2d 535, the Supreme Court stated:

> [W]hen the burden of proof has been specifically assigned to a particular party, that party must present sufficient evidence to establish the facts necessary to convince the trier of fact of the existence of the contested fact. ***Stated another way, the party on which the burden of proof rests must establish a prima facie case. If that party fails to carry his burden of proof, the opposing party is not required to present any countervailing evidence.***

*Id.*, at 542 (Emphasis added). Further, a court determining whether the person objecting to candidacy has carried his burden of proof must liberally construe the laws governing the conduct of elections "so as to promote rather than defeat candidacy." *Id.* Any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. *Id.*

Further, it is well settled residence and domicile are not synonymous, and a person can have several residences, but only one domicile. La. C.C. art. 38; *Russell v. Goldsby*, 00-2595 (La. 9/22/00), 780 So. 2d 1048. A person's domicile is his principal establishment wherein he makes his

1

habitual residence and essentially consists of two elements, namely residence and intent to remain. *Id.*

In the instant case, the evidence presented by the challenger established the following:

> Mr. Harrison qualified as a candidate listing his address as 203 Robinson Lane, Delhi, LA;

> Mr. Harrison claimed a homestead exemption at 634 Hwy. 132, Delhi, LA;

> Mr. Harrison had another residence located at 788 Hwy. 132, Delhi, LA; and

> The challenger passed the residence located at 203 Robinson Lane every morning and evening, and he only saw Mr. Harrison there occasionally mowing the lawn; he had never seen a vehicle at the residence overnight; and the trash cans at the residence were never pulled to the curb for trash pickup.

In my view, the challenger did not establish a prima facie case Mr. Harrison did not reside within the municipality. Therefore, the burden did not shift to Mr. Harrison to present countervailing evidence.

Although Mr. Harrison never removed his name from the homestead exemption with regard to the property located at 634 Hwy. 132, his uncontroverted testimony was sufficient to establish he abandoned that domicile in 1993, when he and his former wife divorced. While Mr. Harrison candidly testified he sometimes "stayed" at the residence at 788 Hwy. 132, and the address was listed on his driver's license, there was no evidence he established a domicile at that location. For example, the evidence did not establish Mr. Harrison paid rent, established utilities, or received postal mail at that address.

The record established Mr. Harrison secured a residence at 203 Robinson Lane approximately five years ago. He testified the residence

2

needed repairs, and he agreed to make the requisite repairs in exchange for the right to live in the residence. Additionally, Mr. Harrison established electric and water service at the residence. Although the utility records demonstrate sporadic usage, the evidence in this record does not prove the usage was inconsistent with the habitation of the home as described by Mr. Harrison, who testified he sometimes "stayed" elsewhere.

For these reasons, I believe any doubt as to Mr. Harrison's domicile should be resolved in favor of permitting him to run for office. Thus, the judgment of the district court should be reversed, and Mr. Harrison should be reinstated as a candidate for the Chief of Police for the Town of Delhi.