GARRETT, J.
|, Chester T. Kelley appeals from a trial court judgment denying his challenge to Lea M. Desmarteau’s qualifications to run for Caddo Parish Commissioner District 8. For the following reasons, we affirm the trial court judgment. ■
FACTS
On September 10,2015, Ms. Desmarteau filed an application seeking to qualify for Caddo Parish Commissioner District 8. On September 16, 2015, Mr. Kelley filed a petition objecting to Ms. 'Desmarteau’s candidacy. He asserted that he is domiciled in District 8 and, consequently, is a duly qualified elector and voter in that district who is eligible to vote in the October 2015- primary election. He alleged that Ms. Desmarteau was not residing in District 8, much less domiciled there, the preceding year prior to her' qualification to run. Thus, he contended that — under the Caddo Parish Home Rule Charter provision requiring a commissioner to have resided and been legally domiciled in the district of election for at least one year prior to the time of qualification — she did not meet the residency requirement to run for the position of Caddo Parish Commissioner District 8. Accordingly, he sought to have ,Ms. Desmarteau disqualified.
The matter was tried on September 21, 2015. Mr. Kelley’s standing was stipulated, as were. numerous exhibits introduced into evidence. Ms. Desmarteau was the only witness to testify. She stated that she formerly-lived in a rental house at 4730 Richmond Avenue in Shreveport, which was outside District 8. She was notified by a letter dated August 8, 2014, from the leasing agent to vacate the house by September 8, 2014. She testified | ¡.that the homeowners wanted to move back in the house. On August 30, 2014, she entered into a buy/sell agreement for a house located at 606 Cumberland Drive in Shreveport, which is in District 8. On September 5, ,2014, Ms. Desmarteau vacated the rental house. She placed her household items in a storage unit pending the closing on the Cumberland' Drive house.. She began living at her business, WellNecessities, a 24-hour'sleep clinic located on Line Avenue in District 8. Her office was equipped with a sofa bed, a full bath and a kitchenette. She remained there until the closing on the Cumberland Drive house on October 2,2014. She testified that.she has not lived any place other than District 8 since September 5, 2014, and that she had not intended any other place to be her permanent residence.
Within hours of the conclusion of the hearing, the trial court issued a written judgment in favor of Ms. Desmarteau, which contained an analysis of the testimony and, exhibits introduced at the hearing. The trial court found that Mr. Kelley had failed to carry his burden of proof. It specifically found that the testimony and exhibits presented at trial established that Ms. Desmarteau resided in District 8 at least one year prior to qualifying for the election and that her domicile is within the district. It held that no evidence to the contrary was brought forward. Costs were assessed against Mr. Kelley.
Mr. Kelley appealed.
LAW
Section 3-01 of the Caddo Parish Home Rule Charter provides, in relevant part:
|aB. A commissioner shall be a qualified elector of the parish and shall have resided and been legally domiciled in the district from which elected at least one year prior to the time of qualification.
*58 A candidate sets out his qualifications in the initial filing of notice of candidacy under. La. R.S. 18:461. When the qualifications include a length of domicile requirement, the candidate shall meet that qualification 'notwithstanding any other provision of law to the contrary. La. R.S. 18:451; Morton v. Hicks, 46,991 (La.App.2d Cir.9/28/11), 74 So.3d 268, writ denied, 2011-2140 (La.9/30/11), 71 So.3d 297; Thebeau v. Smith, 49,665 (La.App.2d Cir.9/8/14), 148 So.3d 233. A qualified elector may bring an action objecting to the candidacy of a person who qualified as a candidate ⅛ a primary election for an office in which the plaintiff is qualified , to vote. La. R.S. 18:1401(A). An action objecting to the candidacy of a person, who qualified as a candidate in a primary election shall be based on specific grounds which may include that the defendant does not meet the qualifications for the office he seeks in. the primary election. See La. R.S. 18:492.
Because election laws must be interpreted'to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified. Landiak v. Richmond, 2005-0758 (La.3/24/05), 899 So.2d 535; Russell v. Goldsby, 2000-2595 (La.9/22/00), 780 So.2d 1048; Thebeau v. Smith, supra. It follows that, when a particular domicile is required for candidacy, the burden of showing lack of domicile rests on the party objecting to the candidacy. Landiak v. Richmond, supra; Thebeau v. Smith, supra. Further, |4a court determining whether the person objecting to candidacy has carried his burden of proof must liberally construe the laws governing the conduct"of elections so as to promote rather than defeat candidacy. Any' doubt concerning the qualifications of a candidate should be‘resolved in favor of allowing the candidate to run for public office. Landiak v. Richmond, supra; Thebeau v. Smith, supra.
The terms “residence” and “domicile” are legal terms that are not synonymous. A person can have several residences, but only' one domicile. Domicile is an issue of fact that must be determined on a case-by-case basis. Landiak v. Richmond, supra; Thebeau v. Smith, supra.
Louisiana case law has traditionally held that domicile consists of two elements, residence and intent to remain. Determination of a party’s intent to change his or her domicile must be based on the actual state of the facts, not simply on what the person.believes them to be. Landiak v. Richmond, supra; Thebeau v. Smith, supra.
A person’s domicile is the place of his habitual residence. La. C.C. art. 38. A person may reside in several places but may not have more than one .domicile. La, C.C., art. 39. Of course,. domicile may change. According to La. C.C. art, 44, domicile is maintained until acquisition of a new domicile. A natural person changes domicile when he moves his residence to another location with the intent to make that location his habitual residence. La. C.C. art. 45 provides that proof of one’s intent to establish or change domicile depends on the circumstances. See Morton v. Hicks, supra.
| fiThe case law regarding domicile reveals that Louisiana courts commonly consider a number of different factors when trying to determine domicile in fact. Since- domicile is generally defined as residence plus intent to remain, a party’s uncontroverted testimony regarding his intent may be sufficient to establish domicile, in the absence of any documentary or other objective evidence to the contrary. The same might be said when a person specifically declares his intent *59 pursuant to La. C.C. art.- 45. However, in the absence of a formal declaration, when documentary or other objective evidence casts doubt on a person’s statements regarding intent, it is incumbent on courts to weigh the evidence presented in order to determine domicile in fact. Otherwise, the legal concept of domicile is meaningless and every person would be considered legally domiciled wherever he says he is domiciled. Landiak v. Richmond, supra. Absent declaration to change domicile, proof of this intention depends on the circumstances; there is a presumption against change of domicile. Russell v. Goldsby, supra. Some of the types of documentary evidence commonly' considered by courts to determine domicile ih fact include such things as voter registration, homestead exemptions, vehicle registration records, driver’s license address, statements in notarial acts, and evidence that most of the perso'n’s property' is' housed at that location. Thebeau v. Smith, supra.
The district court’s factual findings regarding domicile are subject to manifest error review. In order to' reverse a trial court’s determination of a fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and' (2) further [(¡determine that the record establishes that 'the fact finder is clearly'wrong or manifestly erroneous. Reasonable evaluations of credibility and reasonable inference's' of fact should not be disturbed upon review where conflict exists in the testimony. Morton v. Hicks, supra; Thebeau v. Smith, supra.
DISCUSSION
Mr. Kelley-argues that-tile trial court erred in finding that Ms. Desmarteau was qualified to run -for Caddo Parish-Commissioner District 8.. This argument is without merit.
The evidence presented at trial shows that Ms. Desmarteau ceased living outside of District 8 on September 5, 2014, when she moved out of the rental house. She had already entered into an agreement to buy the Cumberland Drive' house at the end of August 2014. While waiting for the closing on that house, she began temporarily residing in her office at her place of business. Both the Cumberland Drive house and .the office were located in District 8. Ms. Desmarteau emphatically testified that she intended to permanently reside in District 8 since September 5, 2014. None of the evidence presented by Mr. Kelley established anything to the contrary. Furthermore, the trial court obviously. found Ms. Desmarteau- to be a credible witness and -accepted her testimony about her residency in District 8. On issues of credibility, this appellate court accords deference to the trial judge who had the benefit of observing" the witness testify. ' . - .
On appeal, Mr. Kelley argues that the B-3 zoning for the . business premises should preclude the finding made below that Ms. Desmarteau resided at the business. However, he provides no legal support for this |7argument. The record is clear that Ms. Desmarteau’s business was open on a 24/7 basis and that her office had anienities such' as á sofa bed, a full bathroom with shower, a kitchenette, and a closet. The evidence at trial also demonstrated' that the' sleep clinic had a zoning variance for 24-hour operation.
We find that the record fully supports the trial court’s decision. Finding no manifest error or any legal error, we therefore affirm the trial court judgment.
CONCLUSION
Thh trial court judgment in favor of Lea M. Desmarteau, finding , her qualified to *60 run in the upcoming election, is affirmed. Costs in this court are assessed to Chester T. Kelley.
AFFIRMED.