Judgment rendered August 8, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,892-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

FRANCIS DEAL                                        Plaintiff-Appellee

versus

ADRIAN PERKINS AND CADDO                    Defendants-Appellants
PARISH CLERK OF COURT, MIKE
SPENCE, IN HIS OFFICIAL
CAPACITY

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 638,663

Honorable Brady D. O'Callaghan, Judge

* * * * *

OFFICES OF L. HAVARD SCOTT, III           Counsel for Appellant,
By: L. Havard Scott, III                            Adrian Perkins


MARTZELL BICKFORD & CENTOLA
By: Scott R. Bickford
    Lawrence J. Centola, III
    Spencer R. Doody
    Jeremy J. Landry


HARPER LAW FIRM, APLC                        Counsel for Appellee,
By: Jerald R. Harper                                Francis Deal
    Anne E. Wilkes


HUGO A. HOLLAND, JR.


BENNETT L. POLITZ                               Counsel for Appellee,
                                                    Caddo Parish Clerk of
                                                    Court, Mike Spence, in his
                                                    Official Capacity

* * * * *

Before MOORE, STONE, and THOMPSON, JJ.

STONE, J., concurs with written reasons.
THOMPSON, J., concurs with written reasons.

**MOORE, C.J.**

This suit involves the disqualification of a candidate for the seat of Mayor of the City of Shreveport on grounds that the candidate was not a qualified elector and provided false statements on his Notice of Candidacy. Adrian Perkins appeals the ruling of the trial court disqualifying his candidacy in the November 8, 2022, primary election. For the following reasons, we affirm.

## FACTS

On July 22, 2022, Perkins signed and filed a Notice of Candidacy for Mayor of the City of Shreveport in which he listed his domicile address as 9605 Stratmore Circle, within the City of Shreveport in Ward 00, Precinct 113. Perkins affirmed that he read the Notice of Candidacy, met the qualifications of the office for which he was qualifying, and was a duly qualified elector of Caddo Parish, Ward 00, Precinct 113. It is undisputed that at the time of his qualification, Perkins was also registered to vote at the Stratmore Circle address, while maintaining his homestead exemption at a second residence he owns at 719 Marshall Street, also within the City of Shreveport, but located in Ward 00, Precinct 5B. In that regard, on the Notice of Candidacy Perkins further certified the following:

> 8) If I am a candidate for any office other than United States senator or representative in congress, that if I claim a homestead exemption on a residence pursuant to Article VII, Section 20 of the Constitution of Louisiana, I am registered and vote in the precinct in which that residence is located, unless I reside in a nursing home as defined in La. R.S. 40:2009.2 or in a veteran's home operated by the state or federal government.

On July 29, 2022, in accordance with La. R.S. 18:1401, Francis Deal, a qualified voter, filed a petition and supplemental petition to object to Perkins's candidacy on two grounds. In his original petition, Deal alleged that Perkins was not a qualified elector of the City of Shreveport: statutory law mandated registered voters to vote only in the precinct where a homestead exemption was claimed, but in his Notice of Candidacy Perkins falsely swore under oath that he was registered to vote in the precinct where he claimed a homestead exemption. In his supplemental petition, Deal alleged that Perkins was not a qualified elector of the City of Shreveport because he had failed to file his federal and/or state tax returns for each of the previous five years; however, this claim was resolved during the hearing on this matter, and is not before this court on review.

Perkins answered the petitions with a general denial, and attached his affidavit, with supporting documentation, attesting to the following.[1] Perkins asserted that he first registered to vote in the City of Shreveport in 2007, and has been registered to vote in the precinct of his Stratmore Circle residence since "at least 2017." He further stated that he purchased the home at 719 Marshall Street in 2019 and claimed a homestead exemption on it. He acknowledged that the two residences are not in the same precinct. He then stated that he "mistakenly signed his Notice of Candidacy on July 22nd given that, as a matter of fact, his homestead exemption was located in a different precinct than the precinct where he was registered to vote."

---

[1] Perkins simultaneously filed an exception of no cause of action which, after discussion at the hearing, was referred to the merits of the appeal. The written ruling is silent as to the exception, which is deemed denied and is not before this court on review.

Perkins argued that the exclusive list of disqualifying events in La. R.S. 18:492 does not disqualify candidates for mistakenly certifying that the candidate's homestead exemption and voter registration are for the same precinct and such mistake should be given "no legal significance as a matter of law." Perkins asserted that he has since "corrected his oversight" and changed his voter registration, on July 30, 2022, to Ward 00, Precinct 5B, in which the 719 Marshall Street address is located. He finally attested that his voter registration has never been cancelled in accordance with La. R.S. 18:193 prior to his signing of the Notice of Candidacy, and thus, he remained a qualified elector on the day he signed it.

The matter was heard on August 1, 2022. The parties stipulated to the following facts: (1) proper service on the defendants; (2) petitioner is a registered voter in Precinct 113; (3) Perkins's voter registration at the Stratmore Circle address in Precinct 113 was accurate until July 30, 2022, at which time it was changed to the Marshall Street address in Precinct 5B; (4) the Notice of Candidacy attached to the petition is a true and correct copy of the one filed by Perkins; (5) the homestead exemption filing attached to the petition is a true and correct copy; and (6) Precincts 113 and 5B are different precincts and that Precinct 5B contains the Marshall Street address, but not the Stratmore Circle address. The attendant voter registrations and Perkins's July 30, 2022, change thereof, homestead exemption documentation, and Notice of Candidacy were introduced into evidence pursuant to the stipulations.

3

Mayor Adrian Perkins was the only witness to testify.[2]  By way of background, Perkins testified that he is a graduate of Captain Shreve High School (2003), the Military Academy at West Point (2008), and Harvard Law School (2018).[3]  Further, he was elected Mayor of the City of Shreveport in 2018.  Regarding qualification for the 2018 election, the following colloquy occurred:

> Q: Did you fill out a Notice of Candidacy in connection with that race?
>
> A: I'm not sure what that document is.  I filled out several documents to qualify for that race.
>
> Q: Mr. Mayor, are you telling us you don't know what a Notice of Candidacy is?
>
> A: I filled out several documents for that race.
>
> Q: Do you know what a Notice of Candidacy is?
>
> A: I'm not sure exactly what's on that document ….

Regarding the Notice of Candidacy for the November 8, 2022, election, the following colloquy occurred:

> Q: All right.  Did you read the Notice of Candidacy before you signed it in 2022?
>
> A: I did not read the entire document on that day.  My team reviewed it with me, and we looked over multiple aspects of it.  For instance, I had some fines that were outstanding that we had to pay.  So, I made sure that we paid those fines.

---

[2] Perkins's counsel objected to Perkins testifying on the basis that, because all relevant facts had been decided by stipulation, the only issue was a legal one, i.e., the application of La. R.S. 18:492 to the stipulated facts.  Counsel argued that under these circumstances, any testimony from Perkins would be for political rather than factual or legal purposes.  The trial judge allowed the testimony over objection, noting that he would "regulate the questioning to keep it squarely on the appropriate legal issues, because this is a court of law, not a court of politics."

[3] Perkins testified that, while he does have a legal education, he has not taken the bar in any jurisdiction.

> And as I was reading that document on the day of, there were multiple news cameras in my face, I was in the middle of a workday. And there were some lines that I did get a bit cross with while reading that particular document.

After reviewing the 2022 Notice of Candidacy, Perkins testified that he understood he was under oath when he signed the document. He further testified that "several members of [his] campaign team" helped him review the document and, over strenuous objection of his counsel, Perkins stated that he conferred with his personal attorney before signing the form. Perkins agreed that he had to pay certain fines in order to comply with items 10, 11, and 12 of the form,[4] but also conceded that he did not personally read the form the day that he signed it, or the week prior. Regarding item 8, concerning voter registration and homestead exemption, Perkins testified that he had conflated items 7 and 8 on the form, both of which begin with the same phraseology.[5] Perkins explained, "I thought that I read paragraph 8, but I read paragraph 7, and thought that it was paragraph 8, yes, correct."

Perkins also testified that both the Stratmore Circle and Marshall Street residences are within the City of Shreveport and that he has always had just one domicile – the City of Shreveport.

Following argument, the trial court took the matter under advisement and signed a written ruling on August 2, 2022, finding that under this court's recent analysis and holding in *Sellar v. Nance*, 54,617 (La. App. 2 Cir. 3/1/22), 336 So. 3d 103, Perkins was disqualified from seeking re-election in the November 8, 2022, primary election.

---

[4] These certifications concern the Campaign Finance Disclosure Act and Code of Governmental Ethics and affirm that the candidate owes no "fines, fees, or penalties."

[5] Item 7 certifies that the candidate has not been convicted of a felony.

Perkins has appealed. The matter lodged with this court on August 3, 2022, and has been resolved in strict compliance with the time constraints set forth in La. R.S. 18:1409.

**DISCUSSION**

The issue for review before this court is purely a legal one. Appellate review of questions of law is simply a review of whether the trial court was legally correct or incorrect. *Percle v. Taylor*, 20-244 (La. App. 5 Cir. 8/5/20), 301 So. 3d 1219, 1224, *writ denied*, 20-00983 (La. 8/10/20), 300 So. 3d 878; *Buford v. Williams,* 11-568 (La. App. 5 Cir. 2/14/12), 88 So. 3d 540, 545, *writ denied*, 12-264 (La. 4/27/12), 86 So. 3d 630. To the extent any factual determinations are to be reviewed, such review would be for manifest error. *Sealy v. Brown*, 53,541 (La. App. 2 Cir. 2/4/20), 291 So. 3d 290, *writ denied*, 20-00226 (La. 2/7/20), 292 So. 3d 60.

Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified. *Landiak v. Richmond,* 05-0758 (La. 3/24/05), 899 So. 2d 535; *Russell v. Goldsby,* 00-2595 (La. 9/22/00), 780 So. 2d 1048. Once the party bearing the burden of proof in an objection to candidacy case has established a prima facie case that the candidate is disqualified, the burden shifts to the party opposing the disqualification to rebut the showing. *Sealy v. Brown, supra*.

A candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office. La. R.S. 18:451.

A candidate sets out his qualifications in the initial filing of notice of candidacy under La. R.S. 18:461. *Kelley v. Desmarteau*, 50,552 (La. App. 2 Cir. 9/28/15), 184 So. 3d 55. The purpose of the notice of candidacy is to

6

provide sufficient information to show a candidate is qualified to run for the office he seeks. *Sellar v. Nance, supra*; *Percle v. Taylor, supra*; *Trosclair v. Joseph,* 14-675 (La. App. 5 Cir. 9/9/14), 150 So. 3d 315, *writs not cons.*, 14-1909, 1920 (La. 9/12/14), 148 So. 3d 572, 937.

La. R.S. 18:463(A)(2) sets forth the requirements for a notice of candidacy, in relevant part, as follows:

> (2)(a) The notice of candidacy also shall include a certificate, signed by the candidate, certifying all of the following:
>
> ***
>
> (i) That he has read the notice of his candidacy.
>
> (ii) That he meets the qualifications of the office for which he is qualifying.
>
> ***
>
> (viii) Except for a candidate for United States senator or representative in congress or a candidate who resides in a nursing home as defined in R.S. 40:2009.2 or in a veterans' home operated by the state or federal government, that if he claims a homestead exemption on a residence pursuant to Article VII, Section 20 of the Constitution of Louisiana, he is registered and votes in the precinct in which that residence is located.
>
> (ix) That all of the statements contained in it are true and correct.

La. R.S. 18:101(B) provides for the homestead exemption and voter registration, in relevant part, as follows:

> For purposes of the laws governing voter registration and voting, "resident" means a citizen who resides in this state and in the parish, municipality, if any, and precinct in which he offers to register and vote, with an intention to reside there indefinitely. If a citizen resides at more than one place in the state with an intention to reside there indefinitely, he may register and vote only at one of the places at which he resides. If a person claims a homestead exemption, pursuant to Article VII, Section 20 of the Constitution of Louisiana, on one of the residences, he shall register and vote in the precinct in which that residence is located, except that a person who resides in a

7

nursing home as defined in R.S. 40:2009.2 or in a veterans' home operated by the state or federal government may register and vote at the address where the nursing home or veterans' home is located.

An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on specific grounds which may include that the defendant does not meet the qualifications for the office he seeks in the primary election under La. R.S. 18:492.

La. R.S. 18:492(A) states, in relevant part:

A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:

(1) The defendant failed to qualify for the primary election in the manner prescribed by law.

***

(3) The defendant does not meet the qualifications for the office he seeks in the primary election.

The record before us contains stipulations, expressly agreed to by Perkins, that establish that at the time he signed, under oath, the Notice of Candidacy, he was not registered to vote in the precinct in which he claimed homestead exemption. La. R.S. 18:101(B). Indeed, Perkins was elected Mayor in 2018 and bought the home on Marshall Street in 2019, at which time he claimed homestead exemption on that residence. Thus, Perkins held the office of Mayor of the City of Shreveport for approximately three years without changing his voter registration to comply with the statute and changed his voter registration only after the realization that he had falsely signed the Notice of Candidacy. Against these undisputed facts, we do not find compelling Perkins's argument that his false certification was an honest,

8

technical, and immaterial mistake having no legal significance, for which he should not be disqualified. As we stated in *Sellar v. Nance, supra*:

> Considering the integrity necessary to the process of qualifying for public office, we agree with the Fifth Circuit's reasoning and analysis in *Percle v. Taylor, supra*. The manner of qualifying in La. R.S. 18:461 is by filing an accurate notice of candidacy, under oath. We agree with our colleagues of the Fifth Circuit that any information on the notice of candidacy required to be given by oath is substantive and/or material information and that "any inaccuracies, mistakes, or false statements" made under oath regarding this information are grounds for disqualification under La. R.S. 18:492(A), as a failure to qualify in the manner prescribed by law.

On this record, and under this court's recent precedent, we find no legal error on the part of the trial court. The outcome in this matter is governed by and falls squarely within this court's holding in *Sellar v. Nance, supra*; La. R.S. 18:492(A). We note that Perkins seeks to distinguish this matter from *Sellar v. Nance* on the grounds that one of the residences of Nance was outside the district for which he was seeking qualification, thus calling his residency into question, while both of Perkins's residences are located in the City of Shreveport. While this distinction is factually accurate, our holding in *Sellar v. Nance* was not limited solely to the issue of residence. This court expressly held that a false certification on a Notice of Candidacy that the candidate was registered to vote in the same precinct in which the candidate claims homestead exemption is a substantive and materially false statement that is grounds for disqualifying the candidate. Thus, the fact that both of Perkins's residences at issue are located within the City of Shreveport does not by itself warrant qualification for candidacy for the office of Mayor where the candidate made false certifications on his Notice of Candidacy.

9

Finally, Perkins contends that he met all qualifications for mayor under Shreveport's Home Rule Charter, Art. 5, § 5.01, which provides that the mayor "shall be a qualified elector and a resident of the City of Shreveport," and does not mention that voter registration must be the same as the homestead exemption. However, Perkins has provided no statute or jurisprudence that would justify negating the mandates of the Election Code, R.S. 18:463 A(2), in favor of the Home Rule Charter. In fact, the Charter confers on the city all powers, rights, privileges, and immunities that are "not expressly denied by * * * general state law[.]" Charter, Art. 2, § 2.01 (b). We decline to read R.S. 18:463 A(2) out of the law in favor of the Charter.

For the reasons expressed, we hold that the trial court's ruling disqualifying Adrian Perkins from seeking re-election for the office of Mayor of the City of Shreveport was proper.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to Adrian Perkins.

**AFFIRMED**.

10

**STONE, J., concurring.**

A candidate for office sets out his qualifications in the initial filing of a Notice of Candidacy under La. R.S. 18:461. If a person claims a homestead exemption, he shall register and vote in the precinct in which that residence is located. La. R.S. 18:101.

It is undisputed that a citizen may reside at more than one place. However, in *Sellar v. Nance*, 54,617 (La. App. 2 Cir. 3/1/22), 336 So. 3d 103, 112-113, this Court stated, "[A]ny inaccuracies, mistakes, or false statements made under oath are grounds for disqualification under La. R.S. 18:492."

It is undisputed that, at the time Mr. Perkins filed his Notice of Candidacy, he was registered to vote in one precinct, while claiming his homestead exemption in another. Despite Mr. Perkins' assertions, the error cannot be trivialized as a mere "oversight" or "legally insignificant" because Mr. Perkins is not the average layperson. He is a graduate of the United States Military Academy at West Point and Harvard University School of Law. Mr. Perkins testified that he and his campaign team reviewed the Notice of Candidacy, and he conferred with his personal attorney prior to submitting it.

Further, the form was signed under oath, and Mr. Perkins attested that the information contained therein was correct. It is indeed telling that Mr. Perkins did not immediately correct his error. He did not change his voter registration to conform with the statutory requirements until July 30, 2022, the day after the challenger filed the petition objecting to Mr. Perkins' candidacy and after qualifying for the mayoral race had ended. Additionally, Mr. Perkins' testimony that the inaccurate attestation on the

1

Notice of Candidacy was attributable to the presence of "multiple news cameras," seems disingenuous because he invited the presence of the media, and he is a combat veteran.

Furthermore, the evidence established that Mr. Perkins has a pattern of utilizing the Stratmore Circle address in his bids for public office. Although Mr. Perkins purchased the Marshall Street residence in 2019, he used the address on Stratmore Circle when he qualified and ran for the United States Senate in 2020. The use of that address may be political strategy which has served him in the past. However, the false statement on the Notice of Candidacy is grounds for disqualification.

For these reasons, I concur.

**THOMPSON, J., concurring.**

I concur in the opinion and write separately to emphasize the significance and implications of the untrue certifications on the Notice of Candidacy form. In the instant matter, over the years Perkins undertook three affirmative acts, each with specific and exacting requirements, and each with the consequence of rejection if the requirements were not strictly met.

First, Perkins registered to vote in Shreveport, Caddo Parish. The form to qualify to vote, as detailed in La. R.S. 18:104, has specific information required, which if not satisfied results in denial of the application to register to vote. The first step in protecting the integrity of the election process is to make certain only qualified citizens are registered to vote. To be a qualified citizen to register to vote you must, by definition, meet certain specific and exacting qualifications. If those requirements are not met, the resulting consequence is that you are not registered to vote until those requirements are satisfied. Perkins successfully met these requirements.

Second, Perkins purchased a residence and decided the significant tax advantages of Louisiana's homestead exemption laws were attractive enough to undertake the steps necessary to apply for and obtain the exemption, which certainly resulted in the lawful savings of thousands of dollars in taxes over the years. As set forth in La. Const. art. 7, § 20 and La. R.S. 47:1703, an applicant must certify the information provided about himself and the property for which the exemption is sought. If the requirements are not met, the resulting consequence is that the property owner does not enjoy the homestead exemption and its favorable tax

1

implications until the requirements are timely satisfied. An application for homestead exemption must occur before a certain date (December 31st) to be effective for that corresponding tax year. Perkins successfully met these requirements.

Lastly, Perkins sought to qualify as a candidate for the office of Mayor of the City of Shreveport, an office he currently holds. As addressed in great detail in the opinion, that process is exacting and includes a sworn certification of certain facts. In this instance, the office seeker must certify that he is registered to vote in the precinct in which the residence enjoying the benefit of the homestead exemption is located. La. R.S. 18:463(A)(2)(a)(viii). Perkins signed a sworn certificate that he was registered to vote at the address where he claims a homestead exemption when he qualified for office. That certification was not factual. The resulting consequence of not qualifying in accordance with law is that the candidate is excluded from the election unless he remedies the failure to meet that qualification.

Louisiana has a three-day qualification period, and Perkins testified he was aware of the requirement on the Notice of Candidacy that he had to resolve all outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics before qualifying for office, as that would serve as an impediment to his being able to properly qualify, in the event there was a challenge on those grounds. Perkins also had the option, before completing the qualifying process, of either moving his voter registration or moving or canceling his homestead exemption, and then qualifying. Unfortunately, he testified he was unaware of all of the contents of the sworn and signed Notice of Candidacy until after the qualifying period had ended. Signatures

2

are not mere ornaments. *Tweedel v. Brasseaux*, 433 So. 2d 133 (La. 1983); *JPS Equip., LLC. v. Cooper*, 50,506 (La. App. 2 Cir. 2/24/16), 188 So. 3d 1106. A person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by claiming that he did not read it, that he did not understand it, or that it was not explained. *Id.*

Registering to vote, obtaining a homestead exemption, and qualifying for elective office all have minimal hurdles which must be cleared to enjoy the desired results and privileges provided by each. Failing to comply with and satisfy the requirements has the natural consequence of not enjoying the desired benefits. Unfortunately, Perkins realized the disqualifying circumstances after the qualifying period had ended, and changing his voter registration after the close of qualifying was untimely and insufficient to remedy the problem. While he maintains his right to vote, his homestead exemption, and current office, he has not qualified as provided by law and therefore must be disqualified from the upcoming November, 2022 election.